| Fill in this information to identify your case: |
|---|
| United States Bankruptcy Court for the: |
| CENTRAL DISTRICT OF CALIFORNIA |
| Case number *(if known)* _____  Chapter **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**   G-Star Raw Retail Inc.

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)   45-2794390

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **421 North Rodeo Drive** <br> **Premises S-13 and AE-3** <br> **Beverly Hills, CA 90210** <br> Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Los Angeles** <br> County | Location of principal assets, if different from principal place of business <br><br> Number, Street, City, State & ZIP Code |

**5. Debtor's website** (URL)   _____

**6. Type of debtor**
■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

Debtor  **G-Star Raw Retail Inc.**  Case number (*if known*) _____
    Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    __4481__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check **all** that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ■ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| District | When | Case number |
|---|---|---|
| District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | | Relationship | |
|---|---|---|---|
| District | When | Case number, if known | |

Debtor **G-Star Raw Retail Inc.**     Case number (*if known*) _____
    Name

**11. Why is the case filed in *this district?***    *Check all that apply:*

     ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

     ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency _____
         Contact name _____
         Phone _____

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**    *Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
■ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

■ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
■ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor  **G-Star Raw Retail Inc.**  Case number (if known) _____
 Name

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **July 3, 2020**
MM / DD / YYYY

X  /s/ Nicole M. Clayton
Signature of authorized representative of debtor

Printed name: **Nicole Clayton**

Title: **General Manager and Chief Executive Officer**

**18. Signature of attorney**

X  **/s/ M. Douglas Flahaut**
Signature of attorney for debtor

Date **July 3, 2020**
MM / DD / YYYY

Printed name: **M. Douglas Flahaut**

Firm name: **Arent Fox LLP**

**555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065**
Number, Street, City, State & ZIP Code

Contact phone **213.629.7400**   Email address **Douglas.Flahaut@arentfox.com**

**245558 CA**
Bar number and State

## G-STAR RAW RETAIL INC.
## UNANIMOUS WRITTEN CONSENT TO
## BOARD RESOLUTIONS RELATING TO COMMENCING A
## CHAPTER 11 BANKRUPTCY CASE

The undersigned, being all of the members of the Board of Directors of G-Star Raw Retail Inc., a Delaware Corporation, acting by written consent (the "Unanimous Written Consent"), do hereby consent to the adoption of the following resolutions, and direct that this Unanimous Written Consent be filed with the minutes of the proceedings of the Board of Directors of G-Star Raw Retail Inc.

**WHEREAS,** it is deemed desirable and in the best interests of G-Star Raw Retail Inc. that the following actions be taken by the Board of Directors and that the resolutions herein shall remain in full force and effect unless and until the Board adopts a further resolution to the contrary.

**RESOLVED** that G-Star Raw Retail Inc. shall file a voluntary petition under Subchapter V of Chapter 11 of the United States Bankruptcy Code in United States Bankruptcy Court for the Central District of California (the "G-Star Raw Retail Bankruptcy Case)"on the date determined by Nicole Clayton (the "Designated Officer") in her capacity as the General Manager, North America, after consultation with counsel, to be in the best interests of G-Star Raw Retail Inc., its creditors, and other parties in interest. The Designated Officer is authorized to sign the voluntary Chapter 11 petition, elect to proceed under Subchapter V, and sign all related documents as the authorized representative of G-Star Raw Retail Inc.

**RESOLVED** that in her capacity as the Designated Officer, Nicole Clayton is hereby authorized on behalf of and in the name of G-Star Raw Retail Inc. to execute and file and to cause counsel for G-Star Raw Retail Inc. to prepare with the assistance of G-Star Raw Retail Inc. and its financial advisor as appropriate, all petitions, schedules, lists and other papers, documents and pleadings in connection with the G-Star Raw Retail Bankruptcy Case, and to take any and all action that the Designated Officer deems necessary and proper in connection with the G-Star Raw Retail Bankruptcy Case without the need for any further approval of the Board unless and until the Board subsequently decides to the contrary. These actions include but are not limited to the following: employing and compensating counsel and professionals; seeking Bankruptcy Court approval for G-Star Raw Retail Inc. to use cash collateral and/or to obtain post-petition financing and executing any agreements related to any of the foregoing: compensating employees; hiring and terminating employees; purchasing product or materials; selling product; entering into or continuing with agreements; collecting accounts receivables; negotiating with creditors, lenders, vendors, suppliers, and landlords; assuming, assigning, or rejecting executory contracts and unexpired leases; renegotiating the terms of executory contracts and unexpired leases; signing new or amended contracts and leases; commencing and defending litigation involving G-Star Raw Retail Inc.; selling or liquidating some or substantially all of G-Star Raw Retail Inc.'s assets; causing G-Star Raw Retail Inc. to propose a plan of reorganization or liquidation and related disclosure statement and to seek to confirm a plan of reorganization or liquidation; and causing G-Star Raw Retail Inc. to take whatever steps are necessary to be in compliance with any orders of the Bankruptcy Court. Nicole Clayton also has the power to designate any other representative of G-Star Raw Retail Inc. with the power and authority to execute any pleadings or other necessary documents on behalf of G-Star Raw Retail Inc.

**IN WITNESS WHEREOF**, the undersigned members of the Board of Directors of G-Star Raw Retail Inc. have duly executed this Unanimous Written Consent as of July 2, 2020.

_____
R.J. Schilder

_____
R. Cox

# FINANCIAL STATEMENTS

# G-STAR INC. AND SUBSIDIARIES

## CONSOLIDATED BALANCE SHEETS

### APRIL 30, 2019 AND 2018

|  | 2019 | 2018 |
|---|---:|---:|
| **Assets** | | |
| **Current Assets** | | |
| Cash | $ 897,403 | $ 700,216 |
| Accounts receivable, net | 3,730,141 | 3,044,368 |
| Due from affiliates | 1,025,347 | 759,477 |
| Inventory | 16,624,402 | 12,602,967 |
| Prepaid and other assets | 2,067,122 | 1,414,899 |
| Prepaid/Refundable income tax | 556,739 | 1,328,123 |
| **Total Current Assets** | 24,901,154 | 19,850,050 |
| Property and equipment, net | 7,065,963 | 5,897,636 |
| **Other Assets** | | |
| Deferred tax asset | 2,587,812 | 2,899,871 |
| Advances to franchisees, net | 531,576 | 421,783 |
| Goodwill, net of accumulated amortization of $241,498 in 2019 and $97,413 in 2018 | 1,556,177 | 376,032 |
| **Total Other Assets** | 4,675,565 | 3,697,686 |
| **Total Assets** | $ 36,642,682 | $ 29,445,372 |

*The accompanying notes are an integral part of these consolidated financial statements.*

3

# G-STAR INC. AND SUBSIDIARIES

## CONSOLIDATED BALANCE SHEETS

### APRIL 30, 2019 AND 2018

|  | 2019 | 2018 |
|---|---:|---:|
| **Liabilities** | | |
| **Current Liabilities** | | |
| Accounts payable | $ 1,281,488 | $ 1,102,876 |
| Due to parent company | 23,524,930 | 20,054,882 |
| Income taxes payable | 74,153 | 12,385 |
| Deferred rent | 3,528,908 | 2,331,413 |
| Accrued payroll | 567,525 | 592,858 |
| Other accrued liabilities | 976,259 | 695,349 |
| **Total Current Liabilities** | 29,953,263 | 24,789,763 |
| **Shareholder's Equity** | | |
| Common stock - Class A (No par value - 800 shares authorized, 100 shares issued and outstanding) | -- | -- |
| Common stock - Class B (No par value - 200 shares authorized) | -- | -- |
| Additional paid-in capital | 1,000 | 1,000 |
| Retained earnings | 6,688,419 | 4,654,609 |
| **Total Shareholder's Equity** | 6,689,419 | 4,655,609 |
| **Total Liabilities and Shareholder's Equity** | $ 36,642,682 | $ 29,445,372 |

*The accompanying notes are an integral part of these consolidated financial statements.*

4

# G-STAR INC. AND SUBSIDIARIES

## CONSOLIDATED STATEMENTS OF OPERATIONS

## FOR THE YEARS ENDED APRIL 30, 2019 AND 2018

|  | 2019 | 2018 |
|---|---:|---:|
| **Revenues** | | |
| Net sales | $ 67,228,334 | $ 57,297,166 |
| Franchise fees | 329,326 | 502,198 |
| **Total Revenues** | 67,557,660 | 57,799,364 |
| **Cost of Goods Sold** | | |
| Cost of sales | 34,939,693 | 33,900,466 |
| Expenses charged by parent | 329,326 | 502,198 |
| **Total Cost of Goods Sold** | 35,269,019 | 34,402,664 |
| **Gross Margin** | 32,288,641 | 23,396,700 |
| **Operating Expenses** | | |
| Payroll | 10,293,619 | 7,295,868 |
| Rent expenses | 10,702,960 | 7,436,640 |
| Travel expenses | 834,119 | 703,877 |
| Warehouse expense | 1,764,600 | 1,317,589 |
| Office expense | 1,518,487 | 1,140,691 |
| Professional fees | 1,142,127 | 592,058 |
| Marketing and advertising | 573,682 | 1,010,689 |
| Loss on retirement of property and equipment | -- | 9,447 |
| Impairment loss | 513,589 | -- |
| Depreciation and amortization | 1,547,697 | 955,090 |
| **Total Operating Expenses** | 28,890,880 | 20,461,949 |
| Exchange rate differences | 6,592 | 70,546 |
| **Income Before Provision for Income Taxes** | 3,391,169 | 2,864,205 |
| Provision for income taxes | 1,357,359 | 2,431,895 |
| **Net Income** | $ 2,033,810 | $ 432,310 |

*The accompanying notes are an integral part of these consolidated financial statements.*

5

# G-STAR INC. AND SUBSIDIARIES

## CONSOLIDATED STATEMENTS OF CHANGES IN SHAREHOLDER'S EQUITY

### FOR THE YEARS ENDED APRIL 30, 2019 AND 2018

|  | Common stock Shares | Common stock Amount | Additional paid-in capital | Retained earnings | Total |
|---|---|---|---|---|---|
| **Balance -** May 1, 2017 | 100 | $ -- | $ 1,000 | $ 4,222,299 | $ 4,223,299 |
| Net income | -- | -- | -- | 432,310 | 432,310 |
| **Balance** - April 30, 2018 | 100 | -- | 1,000 | 4,654,609 | 4,655,609 |
| Net income | -- | -- | -- | 2,033,810 | 2,033,810 |
| **Balance** - April 30, 2019 | 100 | $ -- | $ 1,000 | $ 6,688,419 | $ 6,689,419 |

*The accompanying notes are an integral part of these consolidated financial statements.*

6

# G-STAR INC. AND SUBSIDIARIES

## CONSOLIDATED STATEMENTS OF CASH FLOWS

### FOR THE YEARS ENDED APRIL 30, 2019 AND 2018

|  | 2019 | 2018 |
|---|---:|---:|
| **Cash Flows From Operating Activities** | | |
| Net income | $ 2,033,810 | $ 432,310 |
| Adjustment to reconcile net income to net cash provided by operating activities | | |
| Loss on retirement of property and equipment | -- | 9,447 |
| Depreciation and amortization | 1,547,697 | 955,090 |
| Change in sales return reserve | (580,808) | (1,152,949) |
| Change in inventory reserve | (1,395,745) | (3,664,061) |
| Deferred tax asset | 312,059 | 2,248,080 |
| Impairment on long-lived assets | 513,589 | -- |
| Changes in operating assets and liabilities: | | |
| Accounts receivable | 528,426 | (958,694) |
| Due to/from affiliates | (265,870) | 248,622 |
| Inventory | (2,295,767) | 7,851,613 |
| Prepaid and other assets | (577,605) | 63,745 |
| Refundable income tax | 771,384 | (1,224,670) |
| Advances to franchisees | (109,793) | (151,136) |
| Accounts payable | 178,612 | 591,100 |
| Due to parent company | 3,470,048 | (2,193,577) |
| Income taxes payable | 61,768 | (595,813) |
| Deferred rent | 1,197,495 | 388,671 |
| Accrued payroll | (25,333) | 173,898 |
| Other accrued liabilities | 280,910 | (20,231) |
| **Net Cash Provided by Operating Activities** | 5,644,877 | 3,001,445 |
| **Cash Flows From Investing Activities** | | |
| Additions of property and equipment | (2,565,009) | (2,870,977) |
| Acquisition of franchisee | (2,882,681) | -- |
| Goodwill | -- | (5,721) |
| **Net Cash Used in Investing Activities** | (5,447,690) | (2,876,698) |
| **Net Change in Cash** | 197,187 | 124,747 |
| **Cash** - Beginning | 700,216 | 575,469 |
| **Cash** - Ending | $ 897,403 | $ 700,216 |
| **Supplemental Disclosure of Cash Flow Information** | | |
| Income taxes paid | $ 218,070 | $ 2,417,476 |

*The accompanying notes are an integral part of these consolidated financial statements.*

Fill in this information to identify the case:

Debtor name: **G-Star Raw Retail Inc.**

United States Bankruptcy Court for the: **CENTRAL DISTRICT OF CALIFORNIA**

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors
12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **July 3, 2020**     X  /s/ Nicole Clayton
                                  Signature of individual signing on behalf of debtor

**Nicole Clayton**
Printed name

**General Manager and Chief Executive Officer**
Position or relationship to debtor

Fill in this information to identify the case:

Debtor name: **G-Star Raw Retail Inc.**

United States Bankruptcy Court for the: **CENTRAL DISTRICT OF CALIFORNIA**

Case number (if known):

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders 12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **441 Broadway LLC<br>73 Spring Street, 6th Floor<br>New York, NY 10012** | | **Landlord** | | | | **$161,549.40** |
| **475 Fifth Ave<br>P.O. Box 417420<br>Boston, MA 02241** | | **Landlord** | | | | **$426,006.63** |
| **Clarksburg Premium Outlets<br>P.O. Box 772986<br>Chicago, IL 60677-0286** | | **Landlord** | | | | **$133,108.37** |
| **Fashion Centre Mall, LLC<br>P.O. Box 402792<br>Atlanta, GA 30384** | | **Landlord** | | | | **$255,868.21** |
| **Fashion Show Mall, LLC<br>P.O. Box 86<br>Minneapolis, MN 55486-2773** | | **Landlord** | | | | **$61,907.00** |
| **Geary-Grant LLC<br>P.O. Box 748750<br>Los Angeles, CA 90074-8750** | | **Landlord** | | | | **$113,595.53** |
| **Green Hills Mall TRG LLC<br>P.O. Box 674523<br>Detroit, MI 48267** | | **Landlord** | | | | **$331,157.01** |
| **Hampton Management Co., LLC<br>135 East 57th, 22nd Floor<br>New York, NY 10022** | | **Landlord** | | | | **$199,830.00** |

Debtor **G-Star Raw Retail Inc.**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **HG Galleria, LLC**<br>**2088 Paysphere Circle**<br>**Chicago, IL 60674** | | **Landlord** | | | | **$97,260.81** |
| **Las Vegas North Premium Outlets**<br>**875 South Grand Central**<br>**Las Vegas, NV 89106** | | **Landlord** | | | | **$85,124.49** |
| **Macerich Associates, L.P.**<br>**401 Wilshire Blvd., Suite 700**<br>**CONFIRM ADDRESS**<br>**Santa Monica, CA 90401** | | **Landlord** | | | | **$212,063.86** |
| **Newport Centre LLC**<br>**867545 Reliable Parkway**<br>**Chicago, IL 60686-0075** | | **Landlord** | | | | **$87,094.10** |
| **Penn Ross Joint Venture**<br>**1326 Ross Park Mall**<br>**Chicago, IL 60674** | | **Landlord** | | | | **$188,687.42** |
| **Rodeo Collections Ltd.**<br>**9629 Brighton Way**<br>**Beverly Hills, CA 90210** | | **Landlord** | | | | **$179,684.88** |
| **Santa Monica Place**<br>**P.O. Box 849436**<br>**Los Angeles, CA 90084-9436** | | **Landlord** | | | | **$109,740.63** |
| **Simon Property Group-CPG Partners**<br>**P.O. Box 822884**<br>**Philadelphia, PA 19182-2884** | | **Landlord** | | | | **$217,552.45** |
| **Taubman La Cienega Partners LP**<br>**P.O. Box 67000**<br>**Detroit, MI 48267** | | **Landlord** | | | | **$348,884.92** |
| **Valley Fair Mall, LLC**<br>**P.O. Box 55702**<br>**Santa Clara, CA 95050** | | **Landlord** | | | | **$157,842.61** |
| **Westland Garden State Plaza LP**<br>**P.O. Box 56816**<br>**Los Angeles, CA 90074-6816** | | **Landlord** | | | | **$80,793.62** |

| Debtor | G-Star Raw Retail Inc. | | | Case number *(if known)* | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| **Wilson Canal Place II LLC**<br>**230 Royal Palm Way**<br>**Palm Beach, FL 33480** | | **Landlord** | | | | **$160,253.72** |

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| M. Douglas Flahaut<br>555 West Fifth Street, 48th Floor<br>Los Angeles, CA 90013-1065<br>213.629.7400 Fax: 213.629.7401<br>California State Bar Number: 245558 CA<br>Douglas.Flahaut@arentfox.com | |

☐ Debtor(s) appearing without an attorney
■ Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:

**G-Star Raw Retail Inc.**

CASE NO.:
CHAPTER: 11

### VERIFICATION OF MASTER MAILING LIST OF CREDITORS

[LBR 1007-1(a)]

Debtor(s).

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __3__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: **July 3, 2020**
_____
Signature of Debtor 1

Date: _____
Signature of Debtor 2 (joint debtor) ) (if applicable)

Date: **July 3, 2020**
**/s/ M. Douglas Flahaut**
Signature of Attorney for Debtor (if applicable)

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2015        F 1007-1.MAILING.LIST.VERIFICATION

G-Star Raw Retail Inc.
421 North Rodeo Drive
Premises S-13 and AE-3
Beverly Hills, CA 90210


M. Douglas Flahaut
Arent Fox LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065


441 Broadway LLC
73 Spring Street, 6th Floor
New York, NY 10012


475 Fifth Ave
P.O. Box 417420
Boston, MA 02241


Clarksburg Premium Outlets
P.O. Box 772986
Chicago, IL 60677-0286


Fashion Centre Mall, LLC
P.O. Box 402792
Atlanta, GA 30384


Fashion Show Mall, LLC
P.O. Box 86
Minneapolis, MN 55486-2773


Geary-Grant LLC
P.O. Box 748750
Los Angeles, CA 90074-8750

Green Hills Mall TRG LLC
P.O. Box 674523
Detroit, MI 48267


Hampton Management Co., LLC
135 East 57th, 22nd Floor
New York, NY 10022


HG Galleria, LLC
2088 Paysphere Circle
Chicago, IL 60674


Las Vegas North Premium Outlets
875 South Grand Central
Las Vegas, NV 89106


Macerich Associates, L.P.
401 Wilshire Blvd., Suite 700
CONFIRM ADDRESS
Santa Monica, CA 90401


Newport Centre LLC
867545 Reliable Parkway
Chicago, IL 60686-0075


Penn Ross Joint Venture
1326 Ross Park Mall
Chicago, IL 60674


Rodeo Collections Ltd.
9629 Brighton Way
Beverly Hills, CA 90210

Santa Monica Place  
P.O. Box 849436  
Los Angeles, CA 90084-9436

Simon Property Group-CPG Partners  
P.O. Box 822884  
Philadelphia, PA 19182-2884

Taubman La Cienega Partners LP  
P.O. Box 67000  
Detroit, MI 48267

Valley Fair Mall, LLC  
P.O. Box 55702  
Santa Clara, CA 95050

Westland Garden State Plaza LP  
P.O. Box 56816  
Los Angeles, CA 90074-6816

Wilson Canal Place II LLC  
230 Royal Palm Way  
Palm Beach, FL 33480