1  Aram Ordubegian (SBN 185142)
   M. Douglas Flahaut (SBN 245558)
2  Christopher K.S. Wong (SBN 308048)
   **ARENT FOX LLP**
3  555 West Fifth Street, 48th Floor
   Los Angeles, CA  90013-1065
4  Telephone:   213.629.7400
   Facsimile:   213.629.7401
5  aram.ordubegian@arentfox.com
   douglas.flahaut@arentfox.com
6  christopher.wong@arentfox.com

7  *Proposed* General Bankruptcy and Restructuring
   Counsel for Debtor and Debtor-in-Possession

8

9              **UNITED STATES BANKRUPTCY COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11                **LOS ANGELES DIVISION**

12  In re                                    | *Proposed* Lead Case:
                                             | Case No.: 2:20-bk-16040-WB
13  **G-STAR RAW RETAIL INC.**, a Delaware
    corporation,                             |
14                                           | Chapter 11
            Debtor and Debtor-in-Possession.
15
16  -------------------------------------------------   Case No.: 2:20-bk-16041

17  In re                                    | Chapter 11

    **G-STAR INC.**, a Delaware corporation,
18
            Debtor and Debtor-in-Possession.  | [Joint Administration Requested]
19

20  _____

21  [x] Affects both Debtors.                 | **MOTION FOR ORDER DIRECTING**
    [ ] Affects G-Star Raw Retail Inc. only.  | **JOINT ADMINISTRATION OF**
22  [ ] Affects G-Star Inc. only.             | **RELATED CASES PURSUANT TO**
                                              | **FEDERAL RULE OF BANKRUPTCY**
23                                            | **PROCEDURE 1015(b) AND LOCAL**
                                              | **BANKRUPTCY RULE  1015-1**
24          Debtors and Debtors-in-Possession.
                                              | *[No Hearing Required Under Local Bankr.*
25                                            | *R. 9013-1(q)]*

26

27

28

**TO THE HONORABLE JULIA W. BRAND UNITED STATES BANKRUPTCY JUDGE; AND ALL INTERESTED PARTIES:**

The above-captioned debtors and debtors-in-possession G-Star Raw Retail Inc. ("G-Star Retail") and G-Star Inc. ("G-Star") and hereby move (the "Motion") this Court for an order authorizing the joint administration of their cases with the case of G-Star Raw Retail Inc. [Case No. 2:20-bk-16040-WB] being designated as the lead case. This request is made pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 1015-1. G-Star and G-Star Retail shall hereinafter be referred to as the "Debtors". If this relief requires a hearing, the Debtors request that this Court set the hearing at the earliest possible time on whatever notice the Court may direct. By this Motion, the Debtors request that this Court enter an order, substantially in the form of **Exhibit 1**, providing for joint administration of the cases. This Motion is made and based on the *Declaration of Nicole Clayton in Support of Emergency "First Day" Motions* (the "First Day Declaration"), which is incorporated herein by this reference.

## I.

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Debtors' chapter 11 cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein is Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 1015-1.

## II.

## STATEMENT OF FACTS

### A.    Commencement of Chapter 11 Cases

On July 3, 2020 (the "Petition Date"), the Debtors filed their voluntary petitions under chapter 11 of title 11 of the U.S. Code (the "Bankruptcy Code") and have elected to proceed under Subchapter V as "small business debtors". Since then, the Debtors have been operating as debtors-in-possession. As described in detail in the concurrently filed First Day Declaration, the Debtors filed for bankruptcy with the intent of aggressively pursuing an exit strategy to resolve their issues

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

1    and emerge from chapter 11 in a relatively short time.

2    **B.    Relationship Between G-Star and G-Star Retail**

3    G-Star is the 100% owner of G-Star Retail.  As illustrated below, the Debtors' corporate

4    enterprise consists of G-Star, G-Star Retail, and non-filing affiliates G-Star Raw C.V. and G-Star

5    Raw eStore Inc.:



11    **III.**

12    **DISCUSSION**

13    **A.    Joint Administration of the Cases Will Yield Substantial Administrative Benefits.**

14    Pursuant to Bankruptcy Rule 1015(b), this Court may order the joint administration of the

15    estates when two or more petitions are pending in the same court by a debtor and an affiliate.  *See*

16    Fed. R. Bankr. P. 1015(b) ("If a joint petition or two or more petitions are pending in the same court

17    by or against  . . . (4) a debtor and an affiliate, the court may order a joint administration of the

18    estates.").    A bankruptcy court can avoid any potential prejudice to creditors created by joint

19    administration of the affiliated cases by entering orders as may tend to avoid unnecessary costs and

20    delay. *See Id*.

21    Under Local Bankruptcy Rule 1015-1(b), two or more cases pending before the same judge

22    may be jointly administered if it is "supported by a declaration establishing that the joint

23    administration of the cases is warranted, will ease the administrative burden for the court and the

24    parties, and will protect creditors of the different estates against potential conflicts of interest.  Local

25    Bankr. R. 1015-1(b)(1).

26    Indeed, the efficiency and utility of permitting joint administration of related cases is widely

27    recognized.  *See e.g. In re American Wagering, Inc.*, 493 F.3d 1067, 1070 (9th Cir. 2007); *see also*

28    *In re PL Liquidation Corp.*, 305 B.R. 629, 632 (Bankr. D. Del. 2004); *see also In re Parkway*

*Calabasas Ltd.*, 89 B.R. 832, 836 (Bankr. C.D. Cal. 1988) (joint administration is designed to promote procedural convenience and cost efficiencies but does not affect substantive rights of creditors or respective debtor estates).  As stated in the official Advisory Committee Note:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

Fed. R. Bankr. P. 1015, Advisory Committee Note (1983).

Joint administration differs significantly from substantive consolidation, in which the debtors' assets and liabilities are aggregated and, generally, the creditors of the separate entities share *pro rata* in the aggregate net value of the estates.  *See In re Standard Brands Paint Co*., 154 B.R. 563, 567 (Bankr. C.D. Cal. 1993); *see also In re I.R.C.C., Inc.*, 105 B.R. 237, 241 (Bankr. S.D.N.Y. 1989).  Joint administration, by contrast, is merely procedural; each of the debtors' estates remains a separate legal entity, and creditors' individual rights to each estate are preserved.  *See Parkway Calabasas Ltd.*, 89 B.R. at 836-37; *see also In re H.H. Distribs., L.P.*, 400 B.R. 44, 54 (Bankr. E.D. Pa. 2009); *In re Ben Franklin Retail Stores, Inc.*, 214 B.R. 852, 857 (Bankr. N.D. Ill. 1997).  Thus, joint administration does not in itself prejudice the rights of any creditor.

Under the Bankruptcy Code, G-Star and G-Star Retail are recognized as "affiliates," and therefore the Cases are appropriate for joint administration as contemplated under Fed. R. Bankr. P. 1015(b).  *See* 11 U.S.C. § 101(2)(B) (an "affiliate" means a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor…").

Joint administration will greatly reduce the costs of administering these Cases, eliminate the substantial confusion and waste created by maintaining separate dockets, and reduce the burden that these Cases will place on the Court system.  Indeed, absent joint administration, an enormous amount of duplication will occur at substantial costs to the estates without any benefit to creditors.  Such duplication would divert valuable resources away from addressing substantive issues, including maximizing the value of the estates for all affected parties.  Benefits to the Court include

1    obviating the need for duplicative orders and maintaining duplicative files in each case.  Joint

2    administration will also reduce the administrative burden on the Subchapter V Trustee.

3    Additionally, any reorganization of the Debtors will likely require a coordinated approach,

4    including joint negotiations with landlord creditors and likely filing a joint plan of reorganization.

5         If this Motion is not granted, the creditors will also be burdened.  As with the Debtors, the

6    creditors will also be required to file multiple copies of pleadings in each of the cases.  Some

7    creditors may be confused as to when their rights are being affected, as they may be creditors of

8    one of the estates, but not both of the estates.  By jointly administering the estates, creditors will

9    receive notice of all matters involving the Debtors, thereby ensuring that they are fully informed of

10   all matters potentially affecting their interests.

11   **B.** **<u>The Joint Administration Procedures.</u>**

12        The Debtors propose that the joint administration of these Cases be implemented as follows:

13        ***<u>Captions</u>:***  The captions of these Cases will be modified to reflect the joint administration

14   of the Cases in the form set forth in **Exhibit A** as attached to the proposed Order.

15        ***<u>Pleadings</u>:***  The Clerk of the Court will maintain a single docket [under Case No. 2:20-bk-

16   16040-WB] for both cases for the filing, lodging, and docketing of all pleadings, orders, and all

17   other papers (including notices of hearings in any of the cases) in these cases, all of which will be

18   filed under the case number assigned to G-Star Retail, using the caption in the form set forth in

19   **Exhibit A** as attached to the proposed Order**.**

20        ***<u>Notices</u>:***  The Debtors and other parties in interest shall be authorized, to utilize a combined

21   service list for the Cases and combined notices will be sent to the creditors of the estates.

22        ***<u>Proofs of Claim</u>:***  Because the Debtors are separate entities, and there has been no

23   substantive consolidation of their estates, proofs of claim should be captioned and filed against the

24   particular estate against which a claim is asserted.  To that end, separate claims registers for each

25   estate will be maintained.

26        ***<u>Schedules of Assets and Liabilities</u>:***  The Debtors' schedules will be kept separate.  Each

27   of the Debtors will their own *Schedules of Assets and Liabilities* and *Statement of Financial Affairs*

28   *in their respective cases.*

***Notice of Entry of Order:***  Pursuant to Local Bankruptcy Rule 1015-1(b)(3), upon entry of an order granting this Motion, the Debtors will file their *Notice of Joint Administration of Cases and Requirements for Filing Documents (Form 1015-1.1)* (the "Notice of Joint Administration"), in the form attached to the proposed Order as **Exhibit B**, and serve such notice on creditors holding the 20 largest unsecured claims, the Subchapter V Trustee (if any has been appointed), and the United States Trustee.

## C.    **Were an Actual Conflict to Arise in the Course of the Debtors' Cases, the Court May Alleviate Any Prejudice to Creditors Pursuant to Its Discretion Under Bankruptcy Rule 1015.**

If an actual conflict arises among the estates in the future, through the Court's broad powers to oversee the joint administration of these cases, the Court could easily limit joint administration to the extent necessary to alleviate any prejudice such conflict may cause to creditors.  *See* Fed. R. Bankr. P. 1015(c)  ("while protecting the rights of parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay.").  Exercising its discretion under this Rule, the Court should be able to promote the interests of the estates through administrative efficiency, while at the same time protecting the rights of individual creditors if and when the need arises.  Until a conflict arises, there is no reason why the Court should not authorize joint administration.

## IV.

## CONCLUSION

**WHEREFORE**, based on this Motion, the accompanying First Day Declaration of Nicole Clayton, the record in these cases, including pleadings and documents filed on behalf of the parties, the arguments and representations of counsel, and any oral or documentary evidence presented at or prior to the time of the hearing on this Motion, the Debtors respectfully request that this Court: (1) enter an order, substantially in the form of **Exhibit 1**, granting this Motion and authorizing the joint administration of the cases; and (2) grant such other and further relief as the Court deems just and appropriate.

Dated:   July 3, 2020                                      **ARENT FOX LLP**


                                              By: */s/ Christopher K. S. Wong*
                                                  Aram Ordubegian
                                                  M. Douglas Flahaut
                                                  Christopher K. S. Wong
                                                  *Proposed* General Bankruptcy and
                                                  Restructuring Counsel for Debtor and
                                                  Debtor-in-Possession

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

*Proposed Order*

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Aram Ordubegian (SBN 185142)<br>M. Douglas Flahaut (SBN 245558)<br>Christopher K.S. Wong (SBN 308048)<br>**ARENT FOX LLP**<br>555 West Fifth Street, 48th Floor<br>Los Angeles, CA  90013-1065<br>Telephone:     213.629.7400<br>Facsimile:     213.629.7401<br>aram.ordubegian@arentfox.com<br>douglas.flahaut@arentfox.com<br>christopher.wong@arentfox.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Proposed Attorney for: Debtors and Debtors-In-Possession* | |

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br>G-STAR RAW RETAIL INC., a Delaware corporation,<br><br>                    Debtor and Debtor-in-Possession | LEAD CASE NO.: 2:20-bk-16040-WB<br><br>CHAPTER: 11<br><br>JOINTLY ADMINISTERED WITH:<br><br>CASE NO.: 2:20-bk-16041 |
| In re:<br>G-STAR INC., a Delaware corporation,<br><br>                    Debtor and Debtor-in-Possession | CASE NO.:<br><br>CASE NO.:<br><br>CASE NO.: |
| ☒ Affects all Debtors<br><br>☐ Affects G-Star Raw Retail Inc. only<br><br>☐ Affects G-Star Inc. only<br><br>            Debtors and Debtors-in-Possession | CASE NO.:<br>☐   See attached for additional Case Numbers |
| | **ORDER ☒ GRANTING ☐ DENYING MOTION TO APPROVE JOINT ADMINISTRATION OF CASES**<br><br>**[LBR 1015-1, 9013-1 (q)]** |
| | [No Hearing Required] |

On *(date)* July 3, 2020    , a motion was filed requesting approval of joint administration of cases identified in the caption above, with the lead case being In re   G-STAR RAW RETAIL INC., a Delaware corporation                    ,
case number 2:20-bk-16040-WB         .

Having reviewed the motion, IT IS ORDERED THAT:

1.   The motion is: ☒ Granted   ☐ Denied

This form is mandatory. It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*                    Page 1                    **F 1015-1.1.ORDER.JOINT.ADMINISTRATION**    8

2.  Promptly upon entry of an order granting a motion to approve joint administration:

   a)  Using the mandatory court form, the movant must file a Notice of Joint Administration of Cases and Requirements for Filing Documents (Notice).

   b)  To facilitate service of the Notice by NEF to registered CM/ECF users, the Notice must be filed in each case being jointly administered.

   c)  The Notice must be served via United States mail on all creditors and interest holders in each case being jointly administered.

   d)  To facilitate notice of documents sent by the court via the Bankruptcy Noticing Center, the movant must file in the lead case an amended master mailing list that contains the name and mailing address of all creditors and interest holders from each case being jointly administered.

3.  Other:
   To reflect the joint administration of the cases identified in the caption above, the caption will be modified in the form attached hereto as **Exhibit A**.

   The movant will file the Notice in the form attached hereto as **Exhibit B** to each respective case identified in the caption above.

###

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*                    Page 2                    **F 1015-1.1.ORDER.JOINT.ADMINISTRATION**    9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

*Jointly Administered Caption Page*

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

1
2
3
4
5
6
7
8
**UNITED STATES BANKRUPTCY COURT**
9
**CENTRAL DISTRICT OF CALIFORNIA**
10
**LOS ANGELES DIVISION**

11  In re

12  **G-STAR RAW RETAIL INC.**, a Delaware corporation,

13          Debtor and Debtor-in-Possession.
14
-------------------------------------------------------
15
In re
16
**G-STAR INC.**, a Delaware corporation,
17
        Debtor and Debtor-in-Possession.
18

19  _____

20  [  ] Affects both Debtors.
    [  ] Affects G-Star Raw Retail Inc. only.
21  [  ] Affects G-Star Inc. only.
22
        Debtors and Debtors-in-Possession.
23
24
25                                          ###
26
27
28

Lead Case No.: 2:20-bk-16040-WB

Chapter 11

[Jointly Administered with
Case No. 2:20-bk-16041-WB]

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

1

**EXHIBIT B**

2

*Notice of Joint Administration*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Aram Ordubegian (SBN 185142)<br>M. Douglas Flahaut (SBN 245558)<br>Christopher K.S. Wong (SBN 308048)<br>**ARENT FOX LLP**<br>555 West Fifth Street, 48th Floor<br>Los Angeles, CA  90013-1065<br>Telephone:    213.629.7400<br>Facsimile:    213.629.7401<br>aram.ordubegian@arentfox.com<br>douglas.flahaut@arentfox.com<br>christopher.wong@arentfox.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Proposed Attorney for:* Debtors and Debtors-in-Possession | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br>G-STAR RAW RETAIL INC., a Delaware corporation,<br><br>Debtor and Debtor-in-Possession<br>----------------------------------------------<br>In re:<br>G-STAR INC., a Delaware corporation,<br><br>Debtor and Debtor-in-Possession | LEAD CASE NO.: 2:20-bk-16040-WB<br><br>CHAPTER: 11<br><br>JOINTLY ADMINISTERED WITH:<br><br>CASE NO.: 2:20-bk-16041<br><br>CASE NO.:<br><br>CASE NO.:<br><br>CASE NO.:<br><br>CASE NO.:<br>☐ See attached for additional Case Numbers |
| ☒ Affects All Debtors<br><br>☐ Affects G-Star Inc. only<br><br>☐ Affects G-Star Raw Retail Inc. only<br><br>☐ Affects<br><br>☐ Affects<br><br>☐ See attached for additional Debtors<br><br>Debtors and Debtors-in-Possession | **NOTICE OF JOINT ADMINISTRATION OF CASES AND REQUIREMENTS FOR FILING DOCUMENTS**<br><br>**[LBR 1015-1]**<br><br>[No Hearing Required] |

TO: THE U.S. TRUSTEE AND ALL PARTIES IN THESE JOINTLY ADMINISTERED CASES: An order was entered on (*date*) _____ granting a motion to approve joint administration of cases pursuant to FRBP 1015 and LBR 1015-1, under the lead case indicated in the caption of this notice.

1. **Required Caption on Documents** – All documents filed must contain a caption in substantially the same format and content as the caption of this notice.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court, Central District of California.

2.  **Debtors Affected by a Filed Document** – All documents filed must indicate, by checking appropriate boxes, the debtor or debtors affected by the filed document.

3.  **Filing Documents on Main Case Docket** – Unless indicated below in paragraph 4, all documents must be filed on the docket of the lead case indicated on the caption of this notice.

4.  **Filing Proof of Claims on Docket of Individual Case** – Notwithstanding joint administration of these cases, creditors must file their respective proofs of claim as to the specific affected and applicable debtor using the case number and claim register for the specific affected and applicable debtor.

5.  **Parties to File a Request to be Added to Courtesy NEF** – To facilitate notice and service of documents via Notice of Electronic Filing, all parties who previously electronically filed documents only in cases other than the lead case must promptly file in the lead case a Request to be Added to Courtesy Notice of Electronic Filings, using the court- approved form.

6.  **Other**:


Date: July 3, 2020            By: */s/ Christopher K.S. Wong*
                                          Signature
                                          Christopher K.S. Wong

This form is mandatory. It has been approved for use in the United States Bankruptcy Court, Central District of California.

*December 2014*                Page 2                **F 1015-1.1.NOTICE.JOINT.ADMINISTRATION**

12