Aram Ordubegian (SBN 185142)
M. Douglas Flahaut (SBN 245558)
Christopher K.S. Wong (SBN 308048)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA  90013-1065
Telephone:    213.629.7400
Facsimile:    213.629.7401
aram.ordubegian@arentfox.com
douglas.flahaut@arentfox.com
christopher.wong@arentfox.com

General Bankruptcy and Restructuring Counsel
for Debtors and Debtors-In-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**G-STAR RAW RETAIL INC.**, a Delaware corporation,<br><br>Debtor and Debtor-in-Possession.<br><br>-------------------------------------------------<br>In re<br><br>**G-STAR INC.**, a Delaware corporation,<br><br>Debtor and Debtor-in-Possession.<br><br><br>[ ] Affects both Debtors.<br>[x] Affects G-Star Raw Retail Inc. only<br>[ ] Affects G-Star Inc. only.<br><br>Debtors and Debtors-in-Possession. | Lead Case No.: 2:20-bk-16040-WB<br><br>Chapter 11<br><br>Jointly Administered with<br>Case No.: 2:20-bk-16041-WB<br><br>**STIPULATION BETWEEN DEBTOR AND DEBTOR-IN-POSSESSION G-STAR RAW RETAIL INC. AND WILSON CANAL PLACE II, LLC TO VACATE LEASE REJECTION ORDER SOLELY WITH RESPECT TO CANAL PLACE LOCATION** |

- 1 -

AFDOCS/16332504.1

**TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE; AND ALL INTERESTED PARTIES:**

This Stipulation is entered into by and between G-Star Raw Retail Inc., as one of the debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Debtor" or collectively with G-Star Inc., the "Debtors") on the one hand, and Wilson Canal Place II, LLC (the "Landlord") on the other hand, by and through their respective counsel of record. The Debtor and the Landlord shall hereinafter be referred to collectively as the "Parties" and individually as a "Party." This Stipulation is made with reference to the following facts:

**RECITALS**

A. On or about April 26, 2018, the Debtor and the Landlord entered into a lease (the "Lease"), relating to certain premises (the "Premises") located in the shopping center commonly referred to as Canal Place in New Orleans, Louisiana (the "Shopping Center") as more particularly described in the Lease.

B. On July 3, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

C. On or about July 19, 2020, the Debtors filed their *Motion for Order Authorizing Rejection of Certain Leases and Abandonment of Personal Property in Connection Therewith* [Dkt. No. 30] (the "Rejection Motion").

D. The Rejection Motion was granted at the hearing held on July 30, 2020, and the Court entered its order authorizing the rejection of twenty-five (25) designated leases, including the Lease [Dkt. No. 72] (the "Rejection Order").

E. On or about August 25, 2020, the Parties reached an agreement to modify and amend the Lease on terms and conditions acceptable the parties which will permit the Debtor to continue to occupy the Premises as tenant under such modified lease.

F. Thus, based upon the valuable consideration provided herein, which the Parties agree is adequate, the Parties stipulate as follows:

///

- 2 -

AFDOCS/16332504.1

# STIPULATION

1. The above Recitals are incorporated as if set forth fully herein.

2. The Rejection Order is vacated solely with respect to the Lease.

3. The terms and conditions of the Lease are modified pursuant to the First Lease Amendment attached hereto as **Exhibit A**.

4. This Stipulation is binding on the Parties only in the event the Stipulation is approved by order of the Court.

**WHEREFORE**, the Parties hereto, though their undersigned counsel of record stipulate and agree to the provisions herein and request that this Bankruptcy Court issue an Order approving this Stipulation.

Dated: September 25, 2020         **ARENT FOX LLP**

By: /s/ M. Douglas Flahaut
M. Douglas Flahaut
General Bankruptcy and Restructuring
Counsel for G-Star Raw Retail Inc.

Dated: September 21 2020         **GOULSTON & STORRS, P.C.**

By: [signature]
Vanessa Moody
Counsel to Wilson Canal Place II, LLC

- 3 -

AFDOCS/16332504.1

# EXHIBIT A

# FIRST LEASE AMENDMENT

THIS FIRST LEASE AMENDMENT (this "**Amendment**"), made as of the 9/24/2020 | 10:11 AM EDT day of September, 2020, by and between WILSON CANAL PLACE II, LLC, a Louisiana limited liability company (the "**Landlord**"), of the one part, and G-STAR RAW RETAIL INC., a Delaware corporation (the "**Tenant**"), of the other part.

**WITNESSETH:**

WHEREAS, Landlord and Tenant entered into that certain lease dated as of April 26, 2018 (the "**Lease**"), relating to certain premises (the "**Premises**") located in the shopping center commonly referred to as Canal Place in New Orleans, Louisiana (the "**Shopping Center**"), as more particularly described therein;

WHEREAS, the obligations of Tenant under the Lease are guaranteed by G-Star Inc., a Delaware corporation (the "**Guarantor**"), pursuant to the terms of the guaranty set forth in ARTICLE 21 of the Lease (the "**Guaranty**");

WHEREAS, on July 6, 2020 (the "**Petition Date**"), Tenant filed a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et. seq.* (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Central District of California (the "**Bankruptcy Court**"), which case is pending as *In re: G-Star Raw Retail Inc.*, Case No. 20-16040-WB (the "**Bankruptcy Case**");

WHEREAS, by order of the Bankruptcy Court, the Lease has been rejected as of July 30, 2020 (the "**Rejection Order**");

WHEREAS, in connection with the Bankruptcy Case, Landlord and Tenant have agreed to seek vacatur of the Rejection Order and modify certain terms and conditions of the Lease.

NOW, THEREFORE, in consideration of the foregoing and for One and 00/100 Dollar ($1.00) and other good and valuable consideration, each of the parties hereto to the other of them in hand this day paid, the receipt and sufficiency of which are hereby acknowledged, it is agreed as follows:

1.      <u>Capitalized Terms</u>.  Initially capitalized terms used herein and not otherwise defined shall have the meaning set forth in the Lease.

2.      <u>Effective Date</u>.  Notwithstanding anything to the contrary herein, the terms of this Amendment shall not become effective until the date (the "**Effective Date**") on which the Lease is assumed within the first two hundred ten (210) days of the Bankruptcy Case pursuant to the terms of section 365 of the Bankruptcy Code (an "**Assumption Event**").  Should the Lease be (or remain) rejected pursuant to section 365 of the Bankruptcy Code or in the event that an Assumption Event should otherwise fail to occur within such 210-day period, then the terms of this Amendment shall thereupon be deemed null and void and of no further force or effect and Landlord shall be entitled to prompt payment of (i) the Waived Rent (as defined below), and (ii) the difference between the rent payable under the Lease for the period from the earlier of the Reopening Date (as defined below) and October 15, 2020, through the effective date of rejection without regard to this Amendment, less Gross Rent (or Per Diem Rent, as the case may be, each as defined below) actually paid during such period; and the unsecured portion of Landlord's allowed rejection damages claim shall include all prepetition arrearages without regard to this Amendment. Notwithstanding the foregoing, Landlord hereby reserves its right to object to the assumption of the Lease based on adequate assurance of future performance under section 365(b) of the Bankruptcy Code.

4

3. <u>Waiver of Certain Rent</u>.  Upon the occurrence of the Effective Date, Landlord shall be deemed to have waived and released Tenant and its estate of and from liability for any and all unpaid (a) Fixed Annual Minimum Rent, (b) Percentage Rent, and (c) Additional Rent due and owing as of the earlier of the Reopening Date (as defined below) and October 15, 2020 (the "**Waived Rent**").  For the avoidance of doubt, upon the occurrence of an Assumption Event, Landlord shall be entitled to payment, in accordance with section 365(b) of the Bankruptcy Code, of the full amount of any amount required to cure existing arrearages that are not otherwise waived by the terms of this Paragraph 3.  In addition, Tenant, on behalf of itself and its bankruptcy estates, agrees that, notwithstanding anything to the contrary set forth in the plan of reorganization ultimately confirmed by the Bankruptcy Court in connection with Tenant's Bankruptcy Case, in no event shall the assumption of the Lease by Tenant's bankruptcy estate effectuate the release by Landlord of any third-party indemnification claim(s) that Landlord may have against Tenant under the terms of the Lease in connection with any events occurring prior to the date of the Assumption Event.  For purposes of this Amendment, the term "**Reopening Date**" shall mean the date on which Tenant reopens for business at the Premises after having closed its business as a result of the effects of the global novel coronavirus commonly referred to as "COVID-19".

4. <u>Relief Period Gross Rent</u>. In lieu of the Fixed Annual Minimum Rent, Percentage Rent, Tenant's Pro Rata Share of Common Area Costs, Tenant's Pro Rata Share of Real Estate Taxes and Tenant's monthly contribution to the Promotion Fund, upon the occurrence of the Effective Date, with respect to the period commencing on the earlier of (i) October 15, 2020 and (ii) the Reopening Date, and continuing through December 31, 2022 (the "**Relief Period**"), Tenant shall pay monthly gross rent (the "**Gross Rent**") in an amount equal to ten percent (10%) of monthly Gross Sales (as defined in the Lease). Any amounts due under the Lease with respect to Gross Rent (or Per Diem Rent, as defined below) shall be payable in arrears on the fifteenth (15th) day of each calendar month following the calendar month to which Gross Rent is attributable.  The following provisions that are applicable to gross sales reporting and the payment of Percentage Rent under the Lease shall apply with equal force to the payment of Gross Rent and Tenant's Gross Sales reporting obligations in connection therewith; provided, however, that for purposes of these provisions, the Breakpoint applicable during the Relief Period shall be $0.00.  Notwithstanding the foregoing, on any days during the Relief Period on which Tenant shall not be open and operating at the Premises, Tenant shall pay to Landlord per diem rent at the rate of $75.00 per each such day (the "**Per Diem Rent**").  Commencing on January 1, 2023, if the Lease Term shall not previously have been terminated, Tenant shall resume the full and timely payment of all Fixed Annual Minimum Rent and Additional Rent in accordance with the terms of the original Lease.

5. <u>Trash and Utilities</u>.  Tenant will at all times, including throughout the Relief Period, remain responsible for the payment of all charges, other than Fixed Annual Minimum Rent, Percentage Rent, Tenant's Pro Rata Share of Common Area Costs, Tenant's Pro Rata Share of Real Estate Taxes and Tenant's monthly contribution to the Promotion Fund, in accordance with the terms of the Lease, including, without limitation, electricity, Tenant's Chilled Water Costs and other utility charges and trash removal services for the Premises.

6. <u>COVID-19 Exposure</u>.  Tenant shall have the right to close for business at the Premises for up to fourteen (14) days (per occurrence) to the extent necessary to sanitize the Premises after known or probable exposure of the Premises to COVID-19, such as an employee at the Premises having testing positive for COVID-19 within fourteen (14) days after having been at the Premises; provided that during the period of any such closure, Tenant shall sanitize the Premises in accordance with any and all applicable governmental rules, regulations and orders, and shall reopen for business promptly after the Premises has been adequately sanitized.

7. <u>Landlord Special Termination Right</u>.  Commencing on October 1, 2021, Landlord shall have the right, upon prior written notice to Tenant, to terminate the Lease, in which case the Lease Term shall terminate on the termination date set forth in such notice (the "**Landlord Termination Date**") all as

if such date were the expiration date of the Lease; provided that the Termination Date shall be a date that is at least ninety (90) days following the date of such termination notice.

8. <u>Tenant Special Termination Right</u>. Commencing on the earliest of (a) the date on which either Saks Fifth Avenue or Louis Vuitton permanently closes for business at the Shopping Center, (b) the date on which seventy-five percent (75%) of the ground floor retail/restaurant tenants of the Shopping Center are closed for a period in excess of thirty (30) consecutive days for any reason other than as a result of an event of Force Majeure, and (c) October 1, 2021, Tenant shall have the right, upon prior written notice to Landlord, to terminate the Lease, in which case the Lease Term shall terminate on the termination date set forth in such notice (the "**Tenant Termination Date**") all as if such date were the expiration date of the Lease; provided that the Termination Date shall be a date that is at least ninety (90) days following the date of such termination notice.

9. <u>No Reimbursement of Landlord Cost Amount</u>. Notwithstanding anything to the contrary set forth in the Lease, in the event that the Lease is terminated by either Landlord or Tenant, Landlord shall have no right to reimbursement for then then-unamortized portion of the Landlord Cost Amount.

10. <u>Release of Guarantor</u>. Guarantor is hereby released from any and all liability under the Lease and Guaranty and ARTICLE 21 of the Lease is hereby deleted in its entirety.

11. <u>Rejection Order</u>. Promptly following the date of this Amendment, Landlord and Tenant will jointly file a stipulation and agreed order that will have the effect of removing the Lease from the schedule of leases rejected pursuant to the Rejection Order.

12. <u>Broker</u>. Each of Landlord and Tenant warrants and represents that it has dealt with no broker who is entitled to a commission in connection with the consummation of this Amendment, and in the event of any brokerage claims against either party predicated upon prior dealings with the other named herein, each party agrees to defend the same and indemnify such party against any such claim.

13. <u>Miscellaneous</u>.

   a. Tenant acknowledges that, to its actual knowledge as of the date hereof, it has no defenses, setoffs, claims, counterclaims or causes of action of any kind or nature whatsoever against Landlord or any of Landlord's directors, officers, employees, agents, or attorneys with respect to the Lease.

   b. In all respects, the Lease, as hereby amended and modified, is hereby ratified, approved, and confirmed. In the event of any conflict between the terms, covenants, and conditions contained in this Amendment and the terms, covenants, and conditions contained in the Lease, the terms, covenants, and conditions contained in this Amendment shall supersede.

   c. This Amendment shall be governed by and construed and enforced in accordance with the substantive laws, not the conflicts laws or choice of law rules, of the Commonwealth of Massachusetts.

   d. This Amendment may be executed in multiple counterparts, each of which shall constitute an original hereof, but all of which, when taken together, shall constitute but one and the same document. The parties acknowledge and agree that this Amendment may be executed by electronic signature, which shall be considered as an original signature for all purposes and shall have the same force and effect as an original signature. Without limitation, "electronic signature" shall include faxed versions of an

original signature or electronically scanned and transmitted versions (e.g., via pdf) of an original signature.

[Signatures on Following Page(s)]

4

IN WITNESS WHEREOF, the parties hereto have executed this Amendment in any number of counterpart copies, each of which shall be an original for all purposes as of the day and year first above written.

**WITNESSES AS TO LANDLORD:**

**LANDLORD**:
**WILSON CANAL PLACE II, LLC**, a Delaware limited liability company

By: O'Connor Property Management LLC, a Delaware limited liability company, its Agent

Print Name: _____

By: _____
Name: Btrrr O'Connor
Its: CEO

Print Name: _____

**WITNESSES AS TO TENANT:**

**TENANT:**
**G-STAR RAW RETAIL INC.,** a Delaware corporation

By: _____
Name: Nicole Clayton
Its: CEO North America

Print Name: _____

Print Name: _____

[Signature Page to First Lease Amendment]

8

AFDOCS/22867051.1

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

Arent Fox LLP, Gas Company Tower, 555 West Fifth Street, 48th Floor, Los Angeles, CA 90013.

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION BETWEEN DEBTOR AND DEBTOR-IN-POSSESSION G-STAR RAW RETAIL INC. AND WILSON CANAL PLACE II, LLC TO VACATE LEASE REJECTION ORDER SOLELY WITH RESPECT TO CANAL PLACE LOCATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) **09/25/2020,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **09/25/2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE**

Honorable Julia W. Brand
United States Bankruptcy Court
255 E. Temple Street, Suite 1382
Los Angeles, CA 90012

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **09/25/2020** | YVONNE LI | */s/ Yvonne Li* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**
AFDOCS/22911753.1

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

Jeremy Faith on behalf of Interested Party Courtesy NEF
Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

M Douglas Flahaut on behalf of Debtor G-Star Inc.
flahaut.douglas@arentfox.com

M Douglas Flahaut on behalf of Debtor G-Star Raw Retail Inc.
flahaut.douglas@arentfox.com

M Douglas Flahaut on behalf of Debtor In Possession G-Star Inc.
flahaut.douglas@arentfox.com

Asa S Hami on behalf of Interested Party Courtesy NEF
ahami@sulmeyerlaw.com,
pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;ahami@ecf.inforuptcy.com

M. Jonathan Hayes on behalf of Interested Party Courtesy NEF
jhayes@rhmfirm.com,
roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Brian D Huben on behalf of Creditor The Macerich Company
hubenb@ballardspahr.com, carolod@ballardspahr.com

Brian D Huben on behalf of Creditor VF Mall LLC
hubenb@ballardspahr.com, carolod@ballardspahr.com

Brian D Huben on behalf of Creditor Westfield Garden State Plaza Limited Partnership
hubenb@ballardspahr.com, carolod@ballardspahr.com

William W Huckins on behalf of Creditor Brookfield Properties Retail, Inc.
whuckins@allenmatkins.com, clynch@allenmatkins.com

William W Huckins on behalf of Creditor Simon Property Group, Inc.
whuckins@allenmatkins.com, clynch@allenmatkins.com

William W Huckins on behalf of Creditor Taubman Company
whuckins@allenmatkins.com, clynch@allenmatkins.com

Gregory Kent Jones (TR)
gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com

Dare Law on behalf of U.S. Trustee United States Trustee (LA)
dare.law@usdoj.gov

Adam A Lewis on behalf of Creditor United Parcel Service, Inc.
alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com

David W. Meadows on behalf of Interested Party Courtesy NEF
david@davidwmeadowslaw.com

Jessica Mickelsen Simon on behalf of Creditor The Macerich Company
simonjm@ballardspahr.com, carolod@ballardspahr.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                    **F 9013-3.1.PROOF.SERVICE**
AFDOCS/22911753.1

Jessica Mickelsen Simon on behalf of Creditor Unibail-Rodamco-Westfield
simonjm@ballardspahr.com, carolod@ballardspahr.com

Aram Ordubegian on behalf of Debtor G-Star Raw Retail Inc.
ordubegian.aram@arentfox.com

Kristen N Pate on behalf of Creditor Brookfield Properties Retail, Inc.
ggpbk@ggp.com

Victor A Sahn on behalf of Creditor Christine Hazel Cruz
vsahn@sulmeyerlaw.com,
pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com

Victor A Sahn on behalf of Interested Party Courtesy NEF
vsahn@sulmeyerlaw.com,
pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com

Michael St James on behalf of Creditor Geary-Grant LLC
ecf@stjames-law.com

Michael St James on behalf of Creditor Merchants Row Webward LLC
ecf@stjames-law.com

Ronald M Tucker, Esq on behalf of Creditor Simon Property Group, Inc.
rtucker@simon.com, cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Eric R Wilson on behalf of Creditor Turnberry Associates
kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com

Christopher K.S. Wong on behalf of Debtor G-Star Inc.
christopher.wong@arentfox.com, yvonne.li@arentfox.com

Christopher K.S. Wong on behalf of Debtor G-Star Raw Retail Inc.
christopher.wong@arentfox.com, yvonne.li@arentfox.com

Christopher K.S. Wong on behalf of Debtor In Possession G-Star Inc.
christopher.wong@arentfox.com, yvonne.li@arentfox.com

**2. SERVED BY UNITED STATES MAIL**:

**LANDLORD**

Wilson Canal Place II LLC
230 Royal Palm Way
Palm Beach, FL 33480

Wilson Canal Place II, LLC
c/o O Connor Property Management, LLC
333 Canal Street
Suite 327
New Orleans, LA 70130

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                                                **F 9013-3.1.PROOF.SERVICE**
AFDOCS/22911753.1