Eric R. Wilson (CA Bar No. 192220)
Robert L. LeHane, Esq.
Konstantinos Katsionis, Esq.
**KELLEY DRYE & WARREN LLP**
101 Park Avenue
New York, New York
Telephone: (212) 808-7800
Fax: (212) 808-7897
ewilson@kelleydrye.com
rlehane@kelleydrye.com
dkatsionis@kelleydrye.com

Attorneys for Turnberry Associates

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>G-STAR RAW RETAIL INC., a Delaware Corporation,<br><br>    Debtor and Debtor-in-Possession.<br>-------------------------------------------------------<br>In re:<br><br>G-STAR INC., a Delaware Corporation,<br><br>    Debtor and Debtor-in-Possession.<br>-------------------------------------------------------<br>[x] Affects both Debtors<br>[ ] Affects G-Star Raw Retail Inc. only<br>[ ] Affects G-Star Inc. only<br><br>    Debtors and Debtors-in-Possession. | Lead Case No.: 2:20-bk-16040-WB<br><br>Chapter 11<br><br>Jointly Administered with<br>Case No.: 2:20-bk-16041-WB<br><br>**LIMITED OBJECTION OF TURNBERRY ASSOCIATES TO THE PROPOSED CURE AMOUNT AND ASSUMPTION AND ASSIGNMENT OF A CERTAIN LEASE PURSUANT TO DEBTORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION**<br><br>Confirmation Hearing<br>Date: October 29, 2020<br>Time: 10:00 a.m. (Pacific Time)<br>Place: Courtroom 1375<br>        255 E. Temple St.<br>        Los Angeles, CA 90012 |

Turnberry Associates, as agent for Aventura Mall Expansion Venture, (the "Landlord") hereby submits this limited objection (the "Objection") to the proposed cure amount and assumption and assignment of the Lease (as defined below) by the above-captioned debtors (the "Debtors") pursuant to the *Debtors' Joint Chapter 11 Plan of Reorganization Dated August 27, 2020* (the "Plan") [Docket No. 98]. In support of this Objection, the Landlord respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Landlord files this Objection to reserve its rights with respect to cure amounts that may be due and owing to the Landlord pursuant to the terms of the Lease, but not yet known to the Landlord at the time of the proposed assumption and assignment of the Lease. Such amounts may include any additional pecuniary losses suffered by the Landlord that continue to accrue but may be unbilled, including reasonable attorneys' fees, and any Adjustment Amounts (as defined below) which have not yet been billed or have not yet become due under the terms of the Lease. To that end, the Landlord agrees with the Debtors' current proposed cure amount to be paid in connection with the proposed assumption and assignment of the Lease.

2. Further, the Landlord does not object to the proposed assumption and assignment of the Lease to Debtor G-Star Raw Retail Inc. G-Star Raw Retail Inc. currently occupies the Leased Premises (defined below) pursuant to that certain Sublease Agreement dated April 10, 2018 by and between G-Star Inc. as Sublandlord and G-Star Raw Retail Inc. as Subtenant. The Landlord consents to the continued operation of G-Star Raw Retail Inc. at the Leased Premises in the event the Lease is assumed and assigned pursuant to the Plan, subject to resolution of the issues raised herein.

## BACKGROUND

3. The Landlord is the managing agent for property located in Aventura, Florida where the Debtors lease non-residential real estate pursuant to a written lease (the "Lease,") for the location listed on the attached Exhibit A (the "Leased Premises"). The Leased Premises are located in a shopping center as that term is used in section 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

4.     On July 3, 2020 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.     To date, the Debtors continue to manage their businesses as debtors and debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.     On August 27, 2020, the Debtors filed the Plan, pursuant to which the Debtors seek to assume and assign certain unexpired leases of non-residential real property, including the Lease. *See* Plan § VI.A.

7.     On September 16, 2020, the Debtors filed the *Notice of Filing of Exhibits 1 Through 6 to Debtors' Joint Chapter 11 Plan or Reorganization Dated August 27, 2020* (the "Plan Supplement") [Docket No. 115]. The Debtors' include the Lease on Exhibit 4 of the Plan Supplement as being assumed pursuant to the Plan, and propose a cure amount for the Lease in the amount of $177,632.00. Upon assumption, the Debtors further propose that the Lease is to be assigned to Debtor G-Star Raw Retail Inc. *See* Plan Supplement, Exhibit 4.

**OBJECTION**

**I.    The Landlord Reserves Its Rights With Respect To The Proposed Cure Amount**

8.     The Landlord does not dispute the Debtors' proposed cure amount. The Landlord only reserves its right to later supplement the cure amount to include additional amounts that continue to accrue and any other obligations that arise and/or become known to the Landlord prior to assumption and assignment of the Lease.

9.     Pursuant to the Lease, the Debtors are obligated to pay regular installments of fixed monthly rent, percentage rent, and/or gross rent, as well as a share of common area maintenance costs, real estate taxes, and insurance. In addition, prior to assumption and assignment of the Lease, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to cure all outstanding defaults under the Lease and compensate the Landlord for any actual pecuniary loss, including the payment of related attorneys' fees. *See* 11 U.S.C. §365(b)(1)(B). Attorneys' fees due under the Lease are compensable. *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re Crown Books Corp*., 269 B.R. 12, 14-15 (Bankr. D. Del.

2001); *In re BAB Enterprises, Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986). Accordingly, as part of its pecuniary losses, the Landlord is entitled to attorneys' fees in connection with the Debtors' obligation to cure all monetary defaults under the Lease.

## II. The Debtors Must Be Responsible For Payment of Adjustment Amounts

10. To the extent that rent, attorneys' fees, interest, and/or other charges continue to accrue, and/or the Landlord suffers other pecuniary losses with respect to the Lease, the Landlord hereby reserves its right to amend the cure amount to reflect such additional amounts or to account for year-end adjustments, including, without limitation, adjustments for 2018, 2019, and 2020, which have not yet been billed or have not yet become due under the terms of the Lease (the "Adjustment Amounts"). The Debtors must be responsible to satisfy the Adjustment Amounts, if any, when due in accordance with the terms of the Lease, regardless of when such Adjustment Amounts were incurred.

11. In addition, the Debtors must be required to comply with all contractual obligations to indemnify and hold the Landlord harmless with regard to events which may have occurred before assumption and assignment but which are not known to the Landlord as of the date of the assumption and assignment, including, but not limited to, claims for personal injury that occur or occurred at the Leased Premises, damage and destruction to the Leased Premises or property by the Debtors or their agents, and environmental damage or clean-up.

## III. The Debtors Are Responsible For Timely Payment Of Post-Petition Rent And Additional Amounts Due Under The Lease Until It Is Assumed, Assumed And Assigned, Or Rejected

12. Section 365(d)(3) of the Bankruptcy provides, in pertinent part:

> The [debtor] shall timely perform all the obligations of the debtor, except those…arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of [the Bankruptcy Code].

11 U.S.C. § 365(d)(3).

13. The Landlord explicitly reserves its rights under section 365(d)(3) of the Bankruptcy Code to assert that the Debtors must timely perform all obligations arising under the Lease before it is assumed, assumed and assigned, or rejected, including, without limitation, the full payment of rent on the first day of each month.

**RESERVATION OF RIGHTS**

14. The Landlord reserves the right to amend and/or supplement this Objection on any basis, including, without limitation, by adding and supplementing objections to the Debtors' proposed cure amount.

# CONCLUSION

**WHEREFORE**, the Landlord requests that the Court enter an order: (i) conditioning the assumption and assignment of the Lease on the Debtors' prompt payment of the cure amount set forth in the column titled "Total Cure Amount" on <u>Exhibit A</u> attached hereto, plus any additional pecuniary losses suffered by the Landlord, including reasonable attorneys' fees; (ii) requiring the Debtors to comply with all obligations under the Lease, including payment of the Adjustment Amounts and satisfaction of any indemnification obligations in the regular course of business; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: September 30, 2020

**KELLEY DRYE & WARREN LLP**

By: */s/ Eric R. Wilson*
Eric R. Wilson (CA Bar No. 192220)
Robert L. LeHane
Konstantinos Katsionis
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

Email: ewilson@kelleydrye.com
       rlehane@kelleydrye.com
       dkatsionis@kelleydrye.com

*Attorneys for Turnberry Associates*

# **EXHIBIT A**

**Turnberry Associates**

| Mall Name | Location | Landlord | Total Cure Amount |
|---|---|---|---|
| Aventura Mall | Aventura, FL | Aventura Mall Venture | $177,632.00 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is **Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178**.

A true and correct copy of the foregoing document entitled the foregoing Notice of Appearance will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 09/30/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**II. 2. SERVED BY UNITED STATES MAIL:** On (Date) , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed**.**

☐ Service information continued on attached page

**III. 3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method** for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR on (date), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/30/2020 | Eric R. Wilson | /s/ *Eric R. Wilson* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

*This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.*

***June 2012***                              ***F 9013-3.1.PROOF.SERVICE***

| | |
|---|---|
| 1 | *Jeremy Faith on behalf of Interested Party Courtesy NEF*<br>*Jeremy@MarguliesFaithlaw.com,*<br>*Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com* |
| 2 | |
| 3 | *M Douglas Flahaut on behalf of Debtor G-Star Inc.*<br>*flahaut.douglas@arentfox.com* |
| 4 | *M Douglas Flahaut on behalf of Debtor G-Star Raw Retail Inc.*<br>*flahaut.douglas@arentfox.com* |
| 5 | |
| 6 | *M Douglas Flahaut on behalf of Debtor In Possession G-Star Inc.*<br>*flahaut.douglas@arentfox.com* |
| 7 | *Asa S Hami on behalf of Interested Party Courtesy NEF*<br>*ahami@sulmeyerlaw.com,*<br>*pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;ahami@ecf.inforuptcy.com* |
| 8 | |
| 9 | |
| 10 | *M. Jonathan Hayes on behalf of Interested Party Courtesy NEF*<br>*jhayes@rhmfirm.com,*<br>*roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com* |
| 11 | |
| 12 | *Brian D Huben on behalf of Creditor The Macerich Company*<br>*hubenb@ballardspahr.com, carolod@ballardspahr.com* |
| 13 | *Brian D Huben on behalf of Creditor VF Mall LLC*<br>*hubenb@ballardspahr.com, carolod@ballardspahr.com* |
| 14 | |
| 15 | *Brian D Huben on behalf of Creditor Westfield Garden State Plaza Limited Partnership*<br>*hubenb@ballardspahr.com, carolod@ballardspahr.com* |
| 16 | *William W Huckins on behalf of Creditor Brookfield Properties Retail, Inc.*<br>*whuckins@allenmatkins.com, clynch@allenmatkins.com* |
| 17 | |
| 18 | *William W Huckins on behalf of Creditor Simon Property Group, Inc.*<br>*whuckins@allenmatkins.com, clynch@allenmatkins.com* |
| 19 | *William W Huckins on behalf of Creditor Taubman Company*<br>*whuckins@allenmatkins.com, clynch@allenmatkins.com* |
| 20 | |
| 21 | *Gregory Kent Jones (TR)*<br>*gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com* |
| 22 | *Dare Law on behalf of U.S. Trustee United States Trustee (LA)*<br>*dare.law@usdoj.gov* |
| 23 | |
| 24 | *Adam A Lewis on behalf of Creditor United Parcel Service, Inc.*<br>*alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com* |
| 25 | *David W. Meadows on behalf of Interested Party Courtesy NEF*<br>*david@davidwmeadowslaw.com* |
| 26 | |
| 27 | *Jessica Mickelsen Simon on behalf of Creditor The Macerich Company*<br>*simonjm@ballardspahr.com, carolod@ballardspahr.com* |
| 28 | *Jessica Mickelsen Simon on behalf of Creditor Unibail-Rodamco-Westfield* |

1  simonjm@ballardspahr.com, carolod@ballardspahr.com

2  Aram Ordubegian on behalf of Debtor G-Star Raw Retail Inc.
   ordubegian.aram@arentfox.com

3

4  Kristen N Pate on behalf of Creditor Brookfield Properties Retail, Inc.
   ggpbk@ggp.com

5  Victor A Sahn on behalf of Creditor Christine Hazel Cruz
   vsahn@sulmeyerlaw.com,
6  pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.c
   om;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com

7  Victor A Sahn on behalf of Interested Party Courtesy NEF
   vsahn@sulmeyerlaw.com,
8  pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.c
   om;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com

9

10 Michael St James on behalf of Creditor Geary-Grant LLC
   ecf@stjames-law.com

11 Michael St James on behalf of Creditor Merchants Row Webward LLC
   ecf@stjames-law.com

12

13 Jolene Tanner on behalf of Creditor UNITED STATES OF AMERICA on behalf of the INTERNAL REVENUE
   SERVICE
   jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov

14

15 Ronald M Tucker, Esq on behalf of Creditor Simon Property Group, Inc.
   rtucker@simon.com, cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com

16 United States Trustee (LA)
   ustpregion16.la.ecf@usdoj.gov

17
   Eric R Wilson on behalf of Creditor Turnberry Associates
18 kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com

19 Christopher K.S. Wong on behalf of Debtor G-Star Inc.
   christopher.wong@arentfox.com, yvonne.li@arentfox.com

20 Christopher K.S. Wong on behalf of Debtor G-Star Raw Retail Inc.
   christopher.wong@arentfox.com, yvonne.li@arentfox.com

21
   Christopher K.S. Wong on behalf of Debtor In Possession G-Star Inc.
22 christopher.wong@arentfox.com, yvonne.li@arentfox.com

23

24

25

26

27

28