Victor A. Sahn  (CA Bar No. 97299)
 *vsahn@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Ave, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Christine Hazel Cruz

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.  2:20-16040 |
| G-STAR RAW RETAIL, INC. | Chapter 11 |
| Debtor. | Jointly Administered with |
| | Case No. 2:20-16041 |
| | Chapter 11 |
| G-STAR INC., A Delaware Corporation, | **STIPULATION BETWEEN CHAPTER 11 DEBTORS AND CHRISTINE HAZEL CRUZ REGARDING "SECOND AMENDED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER" AND FOR LIMITED RELIEF FROM AUTOMATIC STAY** |
| Debtor. | |
| ☒    Affects all Debtors<br>☐    Affects G-Star Raw Retail, Inc.<br>☐    Affects G-Star Inc. | Date:    [Hearing Date Not Necessary]<br>Time:<br>Place:    U.S. Bankruptcy Court<br>Courtroom 1375<br>255 E. Temple Street.<br>Los Angeles, CA 90012<br><br>The Hon. Julia Brand |

This "Stipulation ("Stipulation") Between Chapter 11 Debtors and Christine Hazel Cruz

Regarding "Second Amended Stipulated Confidentiality Agreement And Protective Order**"**

(Amended Protective Order") is made by and between the Chapter 11 Debtors, G-Star Raw Retail,

*(Left margin, vertical text):* **Sulmeyer**Kupetz, A Professional Corporation 333 SOUTH GRAND AVENUE, SUITE 3400 LOS ANGELES, CALIFORNIA 90071 TEL 213.626.2311 • FAX 213.629.4520

Inc. and G-Star Inc. a Delaware Corporation ("Debtors") and Christine Hazel Cruz ("Ms. Cruz") (sometimes referred to as the "Parties"), the holder of a disputed claim against the Debtors in these bankruptcy cases.  This Stipulation is made with reference to the following facts, without limitation:

**Recitals**

A.      Debtors filed their Chapter 11 cases on July 3, 2020 (the "Bankruptcy").  Debtors continue as Debtors in Possession before this Court under Section 1182(2) of the Bankruptcy Code.

B.      Debtors have filed their Chapter 11 Joint Consolidated Plan of Reorganization ("Plan") on August 27, 2020.  Debtors gave notice of the hearing on confirmation of their Plan. That hearing date was October 8, 2020 at 10:00 a.m.  However, the Parties have now agreed that the confirmation hearing will be continued to October 29, 2020 at 10:00 a.m. unless Ms. Cruz agrees to hold the confirmation hearing on October 8, 2020.  If Ms. Cruz does not agree that the confirmation hearing shall be held on October 8, 2020, the Parties have agreed that the October 8 hearing will be held as a status conference before this Court.

C.      The Parties have agreed to participate in a confidential mediation with the Subchapter V Trustee, Greg Jones, acting as the mediator.  This mediation will attempt to resolve disputes concerning the Debtor's Plan and regarding the claim asserted by Ms. Cruz.  This mediation will take place on October 6, 2020 in the afternoon and October 7, 2020, through Zoom transmission.

D.      On or about September 1, 2017, and prior to the filing of these bankruptcy petitions, Ms. Cruz  filed a lawsuit against the Debtor G-Star Inc. and certain non-Debtors that describes claims, that are cognizable under certain Federal, New York State and New York City statutes including without limitation claims for (i) unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), (ii) failure to pay spread-of-hours compensation in violation of NYLL, (iii) failure to provide proper wage statements/notices in violation of NYLL, (iv) gender and racial discrimination under New York City Human Rights Law ("NYCHRL"), (v) discriminatory harassment under NYCHRL, (vi) retaliation under

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1   NYCHRL and New York State Human Rights Law ("NYSHRL"), (vii) sex and racial

2   discrimination in promotion under NYSHRL, (viii) quid pro quo sexual harassment under

3   NYSHRL, and (ix) hostile work environment under NYSHRL.

4          E.      The lawsuit is presently pending before the United States District Court of the

5   Southern District of New York and is entitled "Cruz v. G-Star Inc., et. al.", as case number

6   1:2017-cv-07685 (the "Southern District Action").  Ms. Cruz has filed a claim against G-Star Inc.

7   in the sum of $12,563,600.30.  This claim is claim number 9-1.  G-Star Inc. disputes Ms. Cruz's

8   lawsuit (including all claims therein) and her proof of claim.

9          F.      Ms. Cruz and the Debtors have discussed the Stipulated Confidentiality

10   Agreement and Protective Order was entered in the Southern District Action on February 26,

11   2018, and the Amended Stipulated Confidentiality Agreement and Protective Order that was

12   entered in the Southern District Action on November 16, 2018 (collectively the "Initial

13   Protective Order") and its application to these bankruptcy cases. Over the course of the Southern

14   District Action, the Parties have designated many documents as either "Confidential" or

15   "Confidential-Attorneys' Eyes Only" (sometimes called "Confidential Materials").  The Initial

16   Protective Order further sets forth protocols for submission or utilization of the Confidential

17   Information in connection with the use of those designated materials in the Southern District

18   Action.  There are hundreds or thousands of documents designated in the Southern District Action

19   as Confidential Materials.

20          G.      With the filing of the within Chapter 11 cases and the further filing of an automatic

21   stay notice in the Southern District Action, the Southern District Action is currently subject to the

22   automatic stay.  The Parties are optimistic that they will reach a settlement of their disputes in the

23   upcoming mediation with Subchapter V Trustee Greg Jones, however, if they do not, they must

24   then move forward with the hearing on confirmation of the Debtors' Plan of Reorganization.  This

25   may involve certain depositions and document discovery that the Parties will identify.  This may

26   further involve the  filing by the Debtors of a Motion for Estimation of Ms. Cruz's claim for voting

27   purposes under Section 502(c) of the Bankruptcy Code as well as Ms. Cruz's presumptive

28   opposition to such a motion.  It may involve other matters that this Court is called upon to hear in

connection with these identified matters or any other disputes that come before this Court.

H.      In terms of the documents that will be submitted in connection with the mediation and any of the hearings that occur after the mediation if the parties do not resolve their differences, the Parties may wish to utilize the Confidential Materials and ask that this Court consider them as evidence.  In that regard, the Parties have negotiated the Amended Protective Order which is a modification of the Initial Protective Order that they submitted to and had approved by the court in the Southern District Action. The Amended Protective Order sets forth certain protocols for this Court's consideration of the Confidential Materials.  These protocols include the submission by a party wishing to use any of the Confidential Materials as an exhibit before this Court, the submission of such documents under seal pursuant to Section 107 of the Bankruptcy Code, and the process by which this Court may determine whether such materials should be made available for utilization by any of the Parties for all purposes permitted by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court and applicable law. These are only a recitation of a few of the provisions of the Amended Protective Order, and the entire Amended Protective Order is incorporated herein by this reference.

Accordingly, and for good cause, the Parties hereby STIPULATE AND AGREE as follows:

1.      The foregoing Recitals are incorporated herein by this reference.

2.      A true and correct copy of the Amended Protective Order is attached to this Stipulation as Exhibit "1" and is incorporated herein by this reference.  The Parties Stipulate and Agree that it should be approved by this Court as a result of the submission of this Stipulation.

3.      The Parties further agree that this Court should sign the separately submitted order that approved the terms and conditions of this Stipulation.

4.      Finally, in order to obtain approval in the Southern District Action for the Amended Protective Order, the Parties Stipulate and Agree that the automatic stay under Section 362(a) of the Bankruptcy Code shall be relieved for the limited purpose of allowing the Parties, to submit the Amended Protective Order to the court in the Southern District Action for its approval

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

5.    Wherefore, the parties to this Stipulation, the Debtors and Ms. Cruz, have caused it to be executed by their duly appointed attorneys of record.  The parties ask that this Court sign the Order approving this Stipulation .


Dated:  October 1, 2020              **Sulmeyer**Kupetz
                                     A Professional Corporation


                                     By: _____
                                     Victor A. Sahn
                                     Attorneys for Christine Hazel Cruz


DATED:  October 1, 2020              Arent Fox


                                     By: _____
                                     M. Douglas Flahaut
                                     Attorneys for G-Star Inc. and G-Star Raw, Inc.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX  213.629.4520

VAS 2706117v1

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| Christine Hazel S. Cruz,<br><br>                Plaintiff,<br><br>    - against -<br><br>G-Star Inc., G-Star USA LLC,<br>and G-Star Raw C.V.,<br>                Defendants. | 17-cv-07685 (PGG)<br><br>SECOND AMENDED STIPULATED<br>CONFIDENTIALITY AGREEMENT<br>AND PROTECTIVE ORDER |

PAUL G. GARDEPHE, U.S.D.J.:

WHEREAS, in 2018 Plaintiff Hazel S. Cruz ("Plaintiff") and G-Star Inc., and G-Star USA LLC ("Defendants")[1] (collectively the "Parties" and individually a "Party") requested that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, a Stipulated Confidentiality Agreement and Protective Order was entered by this Court as Dkt. 18 on February 26, 2018, and an Amended Stipulated Confidentiality Agreement and Protective Order was entered by this Court as Dkt. 67 on November 16, 2018;

WHEREAS, on July 3, 2020, defendant G-Star Inc. filed a petition for bankruptcy in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court") commencing Bankruptcy Case No. 2:20-bk-16041-WB, which is now being jointly

---

[1] G-Star Raw C.V. was never served with process in this action. Defendants maintain that the filings with the Delaware Secretary of State confirm that G-Star USA LLC was merged with and into G-Star Inc. on December 31, 2012.

1

administered with the case entitled In re G-Star Raw Retail Inc. under Case No. 2:20-16040-WB (the "Bankruptcy Proceedings").

WHEREAS, on July 6, 2020, G-Star Inc., filed a Notice of Bankruptcy Filing and Automatic Stay of Proceedings Dkt. 215, and on July 22, 2020 this Court issued an Order staying this case under 11 U.S.C. § 362;

WHEREAS, Plaintiff has filed a proof of claim in connection with her claims against G-Star Inc., in the Bankruptcy Proceedings (the "Claim");

WHEREAS, it is anticipated that in the event that G-Star Inc., files a motion for estimation of Plaintiff's Claim, and/or Plaintiff desires to oppose such motion, or oppose confirmation of the Plan and, in connection therewith or in connection with other disputes, motions and related proceedings between the Parties in the Bankruptcy Proceedings and/or at the Mediation in the Bankruptcy Proceedings, that G-Star Inc. and/or Plaintiff may desire to use Discovery Material that has been designated as "Confidential" or "Confidential-Attorneys' Eyes Only" under, and currently subject to this Court's previously entered Amended Stipulated Confidentiality Agreement and Protective Order Dkt. 67 in the Bankruptcy Proceedings;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of a second amended appropriately tailored confidentiality and protective order governing the pretrial phase of this action and to allow the Parties to use Discovery Material that has been designated as "Confidential" or "Confidential-Attorneys' Eyes Only", in the Bankruptcy Proceedings; and now

IT IS HEREBY ORDERED that any person subject to this Order – including

2

7

without limitation counsel to the respective Parties in this action or in the Bankruptcy Proceedings (either and collectively "Counsel"), the Parties, their respective corporate parents, successors, and assigns, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – will adhere to the following terms, upon pain of contempt:

1.    With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action or produced pursuant to the Order of Magistrate Judge Wang for Production of Additional Emails by Defendants entered as Dkt.175 on April 2, 2020) that a person has designated as "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to this Order, no person subject to this Order may disclose such Discovery Material to anyone else except as this Order expressly permits.

2.    The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as:

i.    "Confidential" only the portion of such material that it reasonably and in good faith believes consists of:

(a)    previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b)    previously non-disclosed material relating to ownership or control of any non-public company;

(c)    previously non-disclosed business plans, product-development information, sensitive business

3

information, or marketing plans;

(d)    any information of a personal, sensitive or intimate nature regarding any individual;

(e)    any other category of information this Court subsequently affords confidential status: or

(f)    all contents of any custodian's file produced pursuant to the Order of Judge Wang at Dkt. 175.

ii.    "Confidential -Attorneys' Eyes Only" only the portion of Discovery Material that it reasonably and in good faith believes consists of

(a)    tax returns, including all schedules and attachments, or related personal tax information;

(b)    highly sensitive financial or business information that may put a party at a competitive disadvantage;

(c)    highly sensitive information concerning an individual's conduct; or

(d)    any other information which the Producing Party or its Counsel in good faith believe should be given extraordinary protection from disclosure.

(e)    For the avoidance of doubt, the Producing Party may designate as "Confidential -Attorneys' Eyes Only" portions of Discovery Material produced pursuant to the Order of Magistrate Judge Wang at Dkt.175 that were initially designated as "Confidential" if the Producing Party in good faith believes such portions consist of what is listed in Paragraph 2(ii)(a-d).

4

3.      With respect to the "Confidential" or "Confidential -Attorneys' Eyes Only" portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" or "Confidential -Attorneys' Eyes Only" by: (a) stamping or otherwise clearly marking as "Confidential" or "Confidential - Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as "Confidential"  or "Confidential -Attorneys' Eyes Only" Discovery Material either by: (a) indicating on the record during the deposition that a question calls for "Confidential"  or "Confidential -Attorneys' Eyes Only" information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Confidential – Attorneys' Eyes Only Information Governed by Protective Order;" and (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," or  "Confidential Attorneys' Eyes Only" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential except that, if during the testimony, counsel for any Party designates on the record that any testimony is "Confidential-Attorneys' Eyes Only" that designation will apply immediately and will continue unless withdrawn by

5

the designating party or if applicable, by Order of this Court or the Bankruptcy Court.

     5.    If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Confidential - Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or if applicable, Confidential – Attorneys' Eyes Only.

     6.    Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence; (d) a waiver by either Party of any position or objection regarding the documents or information that Defendants claim are privileged and claim were inadvertently produced; (e) a waiver by either Party of any position or objection related to supplementing the pending motions for summary judgment filed in this action in April 2020; (f) a waiver by either Party of any position or objections relating to Defendants' assertion that by order of this Court (Dkt. 40) discovery closed in this Action on November 30, 2018, or Plaintiff's assertion that certain issues remain open in light of the spoliation motion against Defendants, which is before Judge Wang, and discovery issues that have been ongoing in relation thereto; (g) a waiver by either Party of any position or objection relating to Plaintiff's reservations of rights in connection with the Bankruptcy Court's jurisdiction to hear or decide the merits of Plaintiff's claims.

7.      Where a Producing Party has designated Discovery Material as "Confidential", other persons subject to this Order may disclose such information only to the following persons:

(a)     the Parties to this action, their in-house counsel, their insurers, and counsel to their insurers;

(b)     Counsel retained specifically for this action and Counsel retained for the Bankruptcy Proceedings, including any paralegal, clerical, or other assistant that such respective Counsel employs and assigns to this matter or the Bankruptcy Proceedings;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants) that Counsel described in (b) above hire and assign to this matter or the Bankruptcy Proceedings;

(d)     any mediator or arbitrator that the Parties engage in this matter or the Bankruptcy Proceedings or that this Court or the Bankruptcy Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)     any witness who Counsel for a Party in good faith believes may be called to testify at trial or deposition in this action or the Bankruptcy

Proceedings, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to Counsel in connection with this action or the Bankruptcy Proceedings, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this action or the Bankruptcy Proceedings; and

(i)     this Court, including any appellate court and the Bankruptcy Court, and any appellate courts, the Trustee, and their respective support personnel and court reporters.

8.     Where a Producing Party has designated Discovery Material as "Confidential Attorneys' Eyes Only", such Discovery Material may be disclosed only to the following persons:

(a)     The receiving party's outside Counsel of record retained specifically for this action and Counsel retained for the Bankruptcy Proceedings, including any paralegal, clerical, or other assistant that such Counsel employs and assigns to this matter or the Bankruptcy Proceedings;

(b)     document-management consultants that Counsel (described in (a) above) hire and assign to this matter or the Bankruptcy Proceedings provided such consultant has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(c)     any mediator or arbitrator that the Parties engage in this matter or in the

8

Bankruptcy Proceedings or that this Court or the Bankruptcy Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(e)     any witness who Counsel for a Party in good faith believes may be called to testify at trial or deposition in this action or in the Bankruptcy Proceedings, provided the parties agree to such disclosure or this Court or the Bankruptcy Court so-orders and such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to Counsel in connection with this action or the Bankruptcy Proceedings, who Counsel for a Party in good faith believes needs to be informed of such Discovery Material, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)     stenographers engaged to transcribe depositions the Parties conduct in this action or in the Bankruptcy Proceedings; and

(h)     this Court, including any appellate court, and the Bankruptcy Court, and any appellate court of same, the Trustee and their respective support personnel, and court reporters.

9.     Before disclosing any Confidential Discovery Material to any person

referred to in subparagraphs 7(d), 7(g), or 7(h) above or any Confidential – Attorneys'
Eyes Only Discovery Material in subparagraphs 8(b), 8(c),  8(e), 8(e) or 8(f)  above,
Counsel must provide a copy of this Order to such person, who must sign a Non-
Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has
read this Order and agrees to be bound by its terms. Said counsel must retain each signed
Non-Disclosure Agreement, hold it in escrow, and produce it to opposing Counsel either
before such person is permitted to testify (at deposition or trial) or at the conclusion of the
case, whichever comes first.

10. (a)   In accordance with paragraph 2 of this Court's Individual Practices, any
party or non-party that files "Confidential" Discovery Material or "Confidential –Attorneys'
Eyes Only" Discovery Material with this Court (pursuant to Paragraph 12) in this Court, and
wishes for the Confidential Court Submission (as defined in Paragraph 12) to remain filed
under seal in this Court, must file with this Court a letter brief and supporting declaration -
- on a particularized basis -- for the continued sealing of the Confidential Court Submission.
The letter brief and supporting declaration must be filed by the party or non-party seeking
continued sealing within fourteen (14) days after the filing of the Confidential Court
Submission, or, in the event of a motion, within fourteen (14) days after the final filing in
that motion sequence.   In accordance with paragraph 2 of this Court's Individual Practices,
the letter brief should indicate whether all parties have consented to the request for continued
sealing. Any party opposing the request for continued sealing should submit a letter brief in
opposition within three (3) business days after the initial letter brief is filed. The parties
should be aware that the Court will unseal documents if it is unable to make "specific, on

10

15

the record findings ... demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006). The foregoing procedures in this paragraph 10(a) shall only apply to "Confidential" Discovery Material or "Confidential –Attorneys' Eyes Only" Discovery Material filed in this Court. The procedures set forth in Paragraph 10(b) shall apply to "Confidential" Discovery Material or "Confidential –Attorneys' Eyes Only" Discovery Material filed in the Bankruptcy Proceedings and/or with Bankruptcy Court.

(b) The Parties agree that Discovery Material designated as "Confidential" or "Confidential –Attorneys' Eyes Only" may also be filed in in the Bankruptcy Proceedings, provided that it is filed under seal in accordance with the rules of the Bankruptcy Court and/or the Judge presiding over the Bankruptcy Proceedings and that the Producing Party who originally designated the "Confidential" or "Confidential –Attorneys' Eyes Only" Discovery Material bears the ultimate burden of demonstrating that continued sealing is necessary, unless (i) this Court or the Bankruptcy Court rules or has previously ruled that continued sealing is denied or (ii) the Producing Party expressly waives in writing, or has previously withdrawn, the designation of "Confidential" or "Confidential Attorney's Eyes Only", in which case such material need not be filed under seal in the first instance.

11. This Court and/or the Bankruptcy Court retain discretion whether to afford confidential treatment to any Discovery Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" that are submitted to this Court or the Bankruptcy Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court or the Bankruptcy Court. Specifically this Court shall retain

discretion over whether to afford confidential treatment to any Discovery Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" as to submissions in this Court and the Bankruptcy Court shall retain discretion over whether to afford confidential treatment to any Discovery Material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" as to submissions made in the Bankruptcy Proceedings.  All persons are hereby placed on notice that the Court and the Bankruptcy Court are unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Confidential–Attorneys' Eyes Only.

12.    In filing "Confidential" Discovery Material or "Confidential–Attorneys' Eyes Only" with this Court  filing portions of any pleadings, motions, or other papers that disclose such Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court and the Parties shall serve this Court and opposing Counsel with unredacted courtesy copies of the Confidential Court Submission. In filing Confidential Court Submissions, the foregoing procedure also applies to filings in the Bankruptcy Court except to the extent the rules of the Bankruptcy Court and/or the Judge presiding over the Bankruptcy Proceedings require a different procedure, and in that case, the rules of the Bankruptcy Court and/or the Judge presiding over the Bankruptcy Proceedings shall apply to the procedure for the filing of Confidential Court Submission under seal.

13.    Any Party who objects to any designation of confidentiality may at any

time before the trial of this action serve upon Counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices or to the Bankruptcy Court if the use or disclosure of the document is for the Bankruptcy Proceedings.

14.    Any Party who requests additional limits on disclosure, may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices, or to the Bankruptcy Court if the request pertains to disclosure for the Bankruptcy Proceedings.

15.    Recipients of Confidential Discovery Material or Confidential-Attorneys' Eyes Only under this Order may use such material solely for the prosecution and defense of this action, in connection with the Bankruptcy Proceedings, and any appeals of this action or the Bankruptcy Proceedings, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16.    Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as

reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17.    Each person who has access to Discovery Material designated as Confidential or Confidential- Attorneys' Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18.    Within 60 days of the final disposition of this action - including all appeals- all recipients of Confidential Discovery Material or Confidential –Attorneys' Eyes Only Discovery Material must either return it - including all copies thereof - to the Producing Party, or, upon permission of the Producing Party, destroy such material - including all copies thereof.   In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of such Discovery Material.   Notwithstanding this provision, Counsel that the Parties have specifically retained for this action or the Bankruptcy Proceedings may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product even if such materials contain Confidential Discovery or Confidential-Attorneys' Eyes Only Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material or Confidential - Attorneys' Eyes Only Discovery Material remain subject to this Order.

19.    This Order will survive the termination of the litigation and will

continue to be binding upon all persons to whom Confidential Discovery Material or Confidential - Attorneys' Eyes Only Discovery Material is produced or disclosed.

This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

15

SO STIPULATED AND AGREED:

Dated: October __1__, 2020

Dated: October ____, 2020

ADELMAN MATZ, P.C.

By: _____
Sarah Matz, Esq.
Gary Adelman, Esq.
1173A Second Avenue, Suite 153
New York, New York 10065
Tel.: (646) 650-2207

*Attorneys for Plaintiff*

FOX HORAN & CAMERINI LLP

By:_____
Kathleen M. Kundar, Esq.
Jami L. Mevorah, Esq.
825 Third Avenue, 12th Floor
New York, New York 10022
Tel.: (212) 480-4800

*Attorneys for Defendants*
*G-Star Inc. and G-Star USA LLC*

SO ORDERED.

_____

Paul G. Gardephe
United States District Judge

16

21

SO STIPULATED AND AGREED:

Dated: October ___, 2020                    Dated: October _1_, 2020

ADELMAN MATZ, P.C.                          FOX HORAN & CAMERINI LLP

By: _____              By: _____
Sarah Matz, Esq.                           Kathleen M. Kundar, Esq.
Gary Adelman, Esq.                         Jami L. Mevorah, Esq.
1173A Second Avenue, Suite 153             825 Third Avenue, 12th Floor
New York, New York 10065                   New York, New York 10022
Tel.: (646) 650-2207                       Tel.: (212) 480-4800

*Attorneys for Plaintiff*                  *Attorneys for Defendants*
                                           *G-Star Inc. and G-Star USA LLC*

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Christine Hazel S. Cruz,

                Plaintiff,

      - against -

G-Star Inc., G-Star USA LLC,
and G-Star Raw C.V.,

                Defendants.

NON-DISCLOSURE
AGREEMENT

1:17 Civ. 07685 (PGG)

I,_____ acknowledge that I have read  and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Confidential-Attorneys' Eyes Only.   I agree that I will not disclose such Discovery Material to anyone other than for purposes of this litigation and/or the bankruptcy proceeding currently pending in the United States Bankruptcy Court for the Central District of California (the   "Bankruptcy Court") Bankruptcy Case No. 2:20-bk-16041-WB, which is now being jointly administered with the case entitled In re G-Star Raw Retail Inc. under Case No. 2:20-16040-WB (the "Bankruptcy Proceedings") and that at the conclusion of the litigation and/or the Bankruptcy Proceedings, I will return all Discovery Material or copies thereof or documents quoting any of it to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York and/or the Bankruptcy Court for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated:

23

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION BETWEEN CHAPTER 11 DEBTORS AND CHRISTINE HAZEL CRUZ REGARDING "SECOND AMENDED STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER" AND FOR LIMITED RELIEF FROM AUTOMATIC STAY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 6, 2020   I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jeremy Faith Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
M Douglas Flahaut flahaut.douglas@arentfox.com
Asa S Hami ahami@sulmeyerlaw.com,
pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;ahami@ecf.inforuptcy.com
M. Jonathan Hayes jhayes@rhmfirm.com,
roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
Brian D Huben hubenb@ballardspahr.com, carolod@ballardspahr.com
William W Huckins whuckins@allenmatkins.com, clynch@allenmatkins.com
Gregory Kent Jones (TR) gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com
Dare Law dare.law@usdoj.gov
Adam A Lewis alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com
David W. Meadows david@davidwmeadowslaw.com
Jessica Mickelsen Simon simonjm@ballardspahr.com, carolod@ballardspahr.com
Aram Ordubegian ordubegian.aram@arentfox.com
Kristen N Pate ggpbk@ggp.com
Victor A Sahn vsahn@sulmeyerlaw.com,
pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
Michael St James ecf@stjames-law.com
Jolene Tanner jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov
Ronald M Tucker rtucker@simon.com, cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Eric R Wilson kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com
Christopher K.S. Wong christopher.wong@arentfox.com, yvonne.li@arentfox.com

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) October     , 2020 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/6/20 | Patricia Dillamar | /s/ Patricia Dillamar |
|---------|-------------------|------------------------|
| Date | Printed Name | Signature |