Victor A. Sahn (CA Bar No. 97299)
*vsahn@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Grand Ave, Suite 3400
Los Angeles, California 90071
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Christine Hazel Cruz

**UNITED STATES BANKRUPTCY COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>G-STAR RAW RETAIL, INC.<br><br>Debtor. | Case No. 2:20-16040<br><br>Chapter 11<br><br>Jointly Administered with<br><br>Case No. 2:20-16041<br><br>Chapter 11 |
| G-STAR INC., A Delaware Corporation,<br><br>Debtor. | **RESPONSE AND RESERVATION OF RIGHTS OF CHRISTINE HAZEL CRUZ, GENERAL UNSECURED CREDITOR OF G-STAR, INC. TO DEBTORS' CHAPTER 11 STATUS CONFERENCE REPORT (Debtor's Document #141)** |
| ☒ Affects all Debtors<br>☐ Affects G-Star Raw Retail, Inc.<br>☐ Affects G-Star Inc. | Date: October 8, 2020<br>Time: 10:00 a.m.<br>Place: U.S. Bankruptcy Court<br>Courtroom 1375<br>255 E. Temple Street.<br>Los Angeles, CA 90012<br><br>The Hon. Julia Brand |

/ / /

/ / /

/ / /

/ / /

/ / /

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

Christine Hazel Cruz ("Ms. Cruz"), a general unsecured creditor of G-Star, Inc., one of the Chapter 11 Debtors, hereby files this limited response and reservation of rights to the Chapter 11 Debtor in Possession's Status Conference Report (filed 10/1/2020 as Document #141).

1. **Reservation of Rights:** There are a number of statements in the Status Conference Report concerning the claim of Ms. Cruz with which Ms. Cruz disagrees. There are a number of statements in the Status Conference Report regarding the Debtors' Plan of Reorganization with which Ms. Cruz disagrees. However, now is not the time to air those differences and Ms. Cruz hopes that events at the upcoming mediation on October 6 and October 7, 2020 will make litigation of them unnecessary. **This Response and Reservation of Rights is entirely directed at what will take place if the mediation between the parties is not successful and this matter proceeds forward with a potentially contested confirmation of the Debtors' Plan**. (emphasis added)

2. **Status in the Event the Mediation Between Ms. Cruz and the Debtors is Not Successful:**

A. In an email to the Debtors' counsel dated on or about September 15, 2020, bankruptcy counsel for Ms. Cruz asked for discovery in connection with the hearing on confirmation of the Debtors' Plan of Reorganization and specifically included the following:

1. Examination by deposition of Nicole Clayton, the CEO and General Manager of the Debtors regarding the Plan Confirmation Issues as well as prepetition and postpetition operational issues including the Monthly Operating Reports filed in these cases which Ms. Clayton, it appears, has signed (along with the Debtors’ Chapter 11 Petitions and Bankruptcy Schedules and Statement of Financial Affairs and the Debtors’ Joint Consolidated Plan of Reorganization).

2. Examination by deposition of a representative of Ryniker Consultants, LLC who will be representing the Debtors in these bankruptcy cases and which representative has first-hand knowledge of operations and the projections and presumably, will be testifying at the confirmation hearing on the Debtor’ Plan.

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

3. Examination by deposition of any other witnesses who the Debtors intend to offer at the hearing on confirmation of their Plans including witnesses who will be submitting declarations in support of Plan confirmation

4. A document production from each of the witnesses identified above in paragraphs 1-3 upon which they shall rely in preparing any declarations in support of Plan confirmation or on which they will base their answers to questions regarding operations of the Debtors prior to their bankruptcy filings. A further document production of all historical financial records that went into the preparation of the six exhibits that were later filed in support of confirmation of the Debtors' Jointly Consolidated Reorganization Plan. The document production described here is general and not specific. Greater specificity will be provided in the actual document production requests which will be provided to the Debtors by Ms. Cruz.

5. Examination by deposition of a representative of Marcum, the Debtors' accountants regarding the matters which are currently the subject of their employment and with regard to any matters where the Debtors employed them historically. Ms. Cruz wishes to receive copies of the tax returns prepared and filed by Marcum for the Debtors for the years 2017, 2018 and 2019 as well as any quarterly returns, if any, for 2020. Ms. Cruz wishes to see copies of all financial statements, tax returns and work papers attendant thereto with respect to the Debtors' parent company, G-Star Raw, C.V., the Debtors' parent and 100% shareholder or interest holder. Ms. Cruz wishes to receive all work papers prepared by Marcum or utilized by them in preparing these tax returns and in doing any other work that they have done for the Debtors historically. Ms. Cruz wishes to receive the same information from G-Star Raw, C.V.[1]

6. In connection with the hearing on confirmation of the Debtors' Plan, Ms. Cruz asked that the Debtors stipulate to allowance of Ms. Cruz's claim for voting purposes only pursuant to Section 502(c)(1) of the Bankruptcy Code so that we can avoid any disagreement about that issue at a later date.

[1] The G-Star Raw C.V. information requests were not in the original September 17 email to Debtors' counsel.

7. Based upon subsequent filings by the Debtors in these bankruptcy cases and information learned by them, the scope of the discovery provided here may expand or may be reduced depending upon subsequent events.

Generally stated (and Debtors' counsel will speak for himself), the response from the Debtors regarding discovery was that Ms. Cruz is entitled to discovery in advance of the hearing on confirmation of the Plan and that if the mediation is not successful, the time between the October 8, 2020 status conference and the rescheduled October 29, 2020 confirmation hearing would be enough time to complete that discovery. Given the scope of necessary discovery identified above as well as additional issues that will surely arise, Ms. Cruz does not believe that three weeks is close to sufficient in order for the discovery that Ms. Cruz requires to be completed.

Notwithstanding the above, if the mediation is not successful and the Status Conference on October 8 goes forward, Ms. Cruz will ask that the Court enter a scheduling order that will fixes the time for the Debtors to respond to Ms. Cruz's document production requests, and fixes the times for the examinations identified above to be taken. Alternatively as provided in greater detail below, the Status Conference should be continued for perhaps one week to allow the parties to reach their own scheduling order respecting discovery in connection with confirmation of the Debtors' Plan of Reorganization.

B. **Declarations of Debtors' Representatives in Support of Plan Confirmation**: To date, there have not been any declarations filed setting forth the support for Exhibits 1-6 filed by the Debtors on September 16, 2020 at Docket No. 115 (one day after counsel for Ms. Cruz indicated that as of September 15, 2020, the Exhibits referenced in the Plan of Reorganization had not yet been filed). Until those declarations are filed, it is premature for the depositions of the declarants to be scheduled. Given the filing of the Debtors' Plan of Reorganization on August 27, 2020 as Docket No. 98, and the filing of the Exhibits in support of the Plan on September 16, 2020, Ms. Cruz would have thought that the declarations that establish the evidentiary foundation and support for the exhibits would have been filed by this time. Therefore, while the Debtors' document production can be scheduled, until the Declarations are filed, it would not be appropriate or efficient to schedule the depositions of the individuals

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

identified in paragraphs 2A(1)-2A(7), above.

3. **Debtors' Estimation Proceeding**: Ms. Cruz understands that if the Mediation is not successful, that the Debtors intend to file an estimation motion under Section 502(c)(1) of the Bankruptcy Code on or about October 8, 2020 and set the hearing on the estimation motion for October 29, 2020, the same time as the rescheduled confirmation hearing in these cases. Since Ms. Cruz has not seen the estimation motion yet and hopes that these matters settle so that having this motion heard by the Court becomes unnecessary, she also has no way of knowing what issues including matters involving discovery and matters involving utilization of documents that are Confidential subject to an existing Protective Order (*See "Stipulation Between Chapter 11 Debtors and Christine Hazel Cruz Regarding "Second Amended Stipulated Confidentiality Agreement and Protective Order" and for Limited Relief from Automatic Stay" filed with this Court on October 6, 2020)* will bear upon the determination of this important motion. This Court under the Protective Order Stipulation will determine whether documents previously produced in the New York Federal District Court action between these parties will be made public or will remain subject to the Protective Order. The determinations of this Court regarding usage of Confidential Documents along with the discovery attendant to the Debtors' estimation motion (or the Motion by Ms. Cruz for temporary allowance of her claim if that is what needs to be filed with the Court) create further impediments not only to the conduct of the hearing on confirmation of the Debtors' Plan on October 29, 2020 versus a later date, but also create impediments to the conduct of the estimation hearing at or prior to the continued October 29, 2020 Plan confirmation hearing date. There may be specific contested determinations of usage of "Confidential" documents which this Court will have to determine.

4. Ms. Cruz does not desire to delay the hearing on confirmation of the Debtors' Plan any longer than necessary to bring these cases to the expeditious conclusion that Subchapter V of the Bankruptcy Code contemplates. However, she has attempted to present here the matters that must be completed so that her rights as the holder of a general unsecured claim and to vote upon and object to confirmation of the Debtors' Plan are preserved and so she may obtain the information that she needs to fairly assert those rights or determine that she wishes to vote in favor

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

of Plan Confirmation and determine that she will not object to Plan Confirmation. Addressing these matters at the October 8 status conference will save the Court and parties from having to deal with emergency discovery motions made because of the immediacy of the October 29 continued confirmation hearing and the discovery tasks that must be completed prior to the confirmation hearing and the estimation hearing taking place.

5. If the parties do not settle, as the foregoing memorandum makes clear, a productive usage of the October 8 Status Conference would be to discuss both the Confirmation Hearing on the Debtor's Plan and the anticipated Motion to Estimate Ms. Cruz's under Section 502 (c)(1) that the Debtors have said they would file on October 8, 2020 for an October 29 hearing. The Court should set down a scheduling order at the October 8 hearing to schedule in a definitive manner and timing for the document production requests (and give consideration to the timeframes for document production under Bankruptcy Rule 7034 and modify those timeframes in order to get the documents which are needed produced to Ms. Cruz) and to thereafter schedule the depositions of the witnesses that are preliminarily identified in this memorandum. The parties did not have the time to reach an agreed upon scheduling order prior to the October 8 hearing because their efforts were rightfully focused on the mediation. As an alternative to proceeding in this manner, the Court could briefly continue the October 8, 2020 status conference in order to permit the lawyers for the parties to meet and confer regarding a scheduling order and attempt to present that agreed scheduling order prior to the continued hearing. In this regard, Ms. Cruz would be amenable to a continued Status Conference on October 15, 2020 if that date is convenient to the Court and to counsel for G-Star. Otherwise anytime during the week of October 12-October 16 would be acceptable to Ms. Cruz.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

Wherefore, Ms. Cruz appreciates the opportunity to address the topics that are discussed in this Memorandum and requests that this Court enter an order at the Chapter 11 Status Conference that is consistent with the matters discussed herein.

Dated: October 7, 2020

**Sulmeyer**Kupetz
A Professional Corporation

By: */s/ Victor A. Sahn*
Victor A. Sahn
Attorneys for Christine Hazel Cruz

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **RESPONSE AND RESERVATION OF RIGHTS OF CHRISTINE HAZEL CRUZ, GENERAL UNSECURED CREDITOR OF G-STAR, INC. TO DEBTORS' CHAPTER 11 STATUS CONFERENCE REPORT (Debtor's Document #141)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 7, 2020 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jeremy Faith Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
M Douglas Flahaut flahaut.douglas@arentfox.com
Asa S Hami ahami@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;ahami@ecf.inforuptcy.com
M. Jonathan Hayes jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
Brian D Huben hubenb@ballardspahr.com, carolod@ballardspahr.com
William W Huckins whuckins@allenmatkins.com, clynch@allenmatkins.com
Gregory Kent Jones (TR) gjones@sycr.com, smjohnson@sycr.com;C191@ecfcbis.com
Dare Law dare.law@usdoj.gov
Adam A Lewis alewis@mofo.com, adam-lewis-3473@ecf.pacerpro.com
David W. Meadows david@davidwmeadowslaw.com
Jessica Mickelsen Simon simonjm@ballardspahr.com, carolod@ballardspahr.com
Aram Ordubegian ordubegian.aram@arentfox.com
Kristen N Pate ggpbk@ggp.com
Victor A Sahn vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com;dlee@metallawgroup.com;dlee@ecf.inforuptcy.com
Michael St James ecf@stjames-law.com
Jolene Tanner jolene.tanner@usdoj.gov, USACAC.criminal@usdoj.gov
Ronald M Tucker rtucker@simon.com, cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Eric R Wilson kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com
Christopher K.S. Wong christopher.wong@arentfox.com, yvonne.li@arentfox.com

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) October 7 , 2020 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) I served the following persons and/or entities by

personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/7/20 | Patricia Dillamar | */s/ Patricia Dillamar* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**2' Served via U.S. Mail**

**20 LARGEST CREDITORS OF G-STAR RAW RETAIL INC.**

441 Broadway LLC
73 Spring Street, 6th Floor
New York, NY 10012

475 Fifth Ave
P.O. Box 417420
Boston, MA 02241

Fashion Show Mall, LLC
P.O. Box 86
Minneapolis, MN 55486-2773

Geary-Grant LLC
P.O. Box 748750
Los Angeles, CA 90074-8750

Green Hills Mall TRG LLC
P.O. Box 674523
Detroit, MI 48267

Hampton Management Co., LLC
135 East 57th, 22nd Floor
New York, NY 10022

HG Galleria, LLC
2088 Paysphere Circle
Chicago, IL 60674

Las Vegas North Premium Outlets
875 South Grand Central
Las Vegas, NV 89106

Macerich Associates, L.P.
401 Wilshire Blvd., Suite 700
Santa Monica, CA 90401

Newport Centre LLC
867545 Reliable Parkway
Chicago, IL 60686-0075

Clarksburg Premium Outlets
P.O. Box 772986
Chicago, IL 60677-0286

Fashion Centre Mall, LLC
P.O. Box 402792
Atlanta, GA 30384

Penn Ross Joint Venture
c/o M.S. Management Associates Inc.
225 West Washington Street
Indianapolis, IN 46204

Rodeo Collections Ltd.
9629 Brighton Way
Beverly Hills, CA 90210

Santa Monica Place
P.O. Box 849436
Los Angeles, CA 90084-9436

Simon Property Group-CPG Partners
P.O. Box 822884
Philadelphia, PA 19182-2884

Taubman La Cienega Partners LP
P.O. Box 67000
Detroit, MI 48267

Valley Fair Mall, LLC
P.O. Box 55702
Santa Clara, CA 95050

Westland Garden State Plaza LP
P.O. Box 56816
Los Angeles, CA 90074-6816

Wilson Canal Place II LLC
230 Royal Palm Way
Palm Beach, FL 33480

**20 LARGEST CREDITORS OF G-STAR INC.**

Aventura Mall Venture
414 Seneca Avenue
Ridgewood, NY 11385

Avesta Holdings LLC
3393 Peachtree Rd.
Atlanta, GA 30326

Better Pak Container Corp.
675 Dell Road
Carlstadt, NJ 07072

City of Los Angeles
P.O. Box 30879
Los Angeles, CA 90030

Logicalis
25 Senate Place
Jersey City, NJ 07306

Marcum LLP
1550 S. Gene Autry Trail
Palm Springs, CA 92264

Port Logistic Group
P.O. Box 14106
New Brunswick, NJ 08906

Shaherison 599 Co, LLC
P.O Box 822884
Philadelphia, PA 19182-2884

SLG Systems, Inc.
P.O. Box 14106
New Brunswick, NJ 08906

SPS Commerce Inc.
P.O. Box 1480
Riverside, CA 92502

Total Benefit Solutions
2088 Paysphere Circle
Chicago, IL 60674

ULINE Shipping Supply Specialists
120 Wooster Street
New York, NY 10012

UPS United Parcel Service
P.O. Box 7247-0244
Philadelphia, PA 19170

YRC
P.O. Box 13573
Newark, NJ 07188

EMPIRE State Properties
414 Seneca Avenue
Ridgewood, NY 11385

Fox Horan & Camerini LLP
885 Third Avenue
New York, NY 10022

Glory Manufactory Limited
2696 Solution Center
Chicago, IL 60677-2006

King of Prussia Associates
2088 Paysphere Circle
Chicago, IL 60674

Kingsbridge Cleaners & Tailors
P.O. Box 1920
New York, NY 10101

L.A. Models
P.O. Box 1920
New York, NY 10101

**REQUEST FOR SPECIAL NOTICE**

Ryniker Consultants LLC
156 Dubois Avenue
Sea Cliff, NY 11579

Seyfarth Shaw LLP
333 South Hope Street Suite 3900
Los Angeles, CA 90071

Office of Unemployment Compensation
TAX Services (UCTS) Dept of Labor and Industry
Commonwealth of Pennsylvania
651 Boas Street Room 925
Harrisburg, PA 17121